**UNITED STATES of America,
Plaintiff,**

v.

**Joseph George PRUE, Defendant.**

**Cr. No. 0969.**

United States District Court
D. Nebraska.

Feb. 15, 1965.

Franklin D. Carroll, Asst. U. S. Atty., for plaintiff.

Mino St. Lucas, Omaha, Neb., for defendant.

ROBINSON, Chief Judge.

This matter comes before the Court on the motion made by the defendant for a new trial. The grounds upon which the motion is made are basically that the verdict is contrary to the law and the evidence and is not supported by sufficient evidence and that the evidence shows no intent but on the contrary conclusively shows that the defendant always planned to enter the service.

While we are admittedly in sympathy with the defendant's situation because of the circumstances surrounding the offense charged, we have no alternative but to deny the motion. The statute under which the defendant is charged clearly states the law [50 App.U.S.C. § 462]. In pertinent part it provides:

"* * * any person * * * who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under * * * regulations made pursuant to this title * * * shall, upon conviction * * *."

The Regulations referred to in the statute provide as follows [32 C.F.R. 1632.14]:

"(a) When the local board mails to a registrant an Order to Report for Induction [SSS Form No. 252] * * it shall be the duty of the registrant to report for induction at the time and place fixed in such order * * * Regardless of the time when or the circumstances under which a registrant fails to report for induction when it is his duty to do so, it shall

thereafter be his continuing duty from day to day to report for induction to his local board. * * *"

Under the only reasonable construction of the provisions, it is obvious that the intent of the defendant to report for induction at some time in the future is no defense to the charge. He had a duty to report on a certain day and when this was not accomplished, he had a continuing duty from day to day to report for induction. The offense enumerated in the statute is the violation of a duty. The duty was to report and this was not done. The evidence in the record is ample to support the verdict of the jury in this respect. The issue of intent is also adequately covered, both by the surrounding circumstances and the defendant's own statements. Under the law, he has no right to decide for himself the time and place that he will enter the Service. Faced with the law as it is written and the overwhelming evidence in support of the verdict, we have no choice but to deny the motion for a new trial.

But this does not adequately solve the greater problem presented here. This is one of those situations in which the famed Lady of Justice might have fared better had she removed her traditional blindfold to acknowledge those circumstances which cause the presence of this young man before the Court today. Had this been done, we are convinced that no action involving this defendant would be pending before us now.

The reasons for the actions of this defendant, although not a defense to the offense charged, were indeed an indication of a sense of responsibility on the part of the defendant. The problem has been effectively rendered moot by the refusal of the Armed Forces to accept the defendant when he did report by reason of a disability which apparently existed at the time of the original reporting date. This is a case in which it must be granted that a technical violation of the law existed, but it must be as readily stated that it is very unfortunate that some other method of disposition could not have been used in this case rather than its

prosecution to the finality now faced by this Court. Let it be understood that this statement has no application to the United States Attorney or any member of his staff. It is aimed at a policy that permits such things to happen.

Suffice to say that this Court views the present proceeding with a great deal of distaste. We do not enjoy being a party to the application of the highly disproportionate and harsh penalty of a fel-ony to this young man's record. Rest assured that our thoughts on this matter will be reflected in the sentence imposed upon the defendant. Accordingly,

It is ordered that the motion for a new trial made by the defendant should be and it hereby is overruled.

For the reasons hereinbefore set forth all other motions made by the defendant, upon which the Court reserved ruling, are hereby severally overruled.