**UNITED STATES of America**
**v.**
**Peter Hart JOHNSON.**
**Crim. A. No. 6913.**

United States District Court,
D. New Hampshire.
June 29, 1970.

David A. Brock, U. S. Atty., Concord, N. H., for plaintiff.

Daniel Klubock, Boston, Mass., William H. Kelley, Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., for defendant.

### OPINION

BOWNES, District Judge.

The defendant is charged with willful refusal to submit to induction into the Armed Forces of the United States in violation of 50 U.S.C.App. § 462 (1964).[1]

The case was heard by the Court without a jury. At the conclusion of the government's case, the defendant moved for a judgment of acquittal which was denied at that time. This motion was renewed at the close of all the evidence.

The defendant has put forth a multitude of reasons why his judgment for acquittal should be granted. After careful consideration, the Court rejects all defenses raised except the one based on "Order of Call."

■ Although the cases on "Order of Call" are sparse, it seems clear that due process and elemental fairness require that an individual ordered to report for induction be called in the proper order and in strict compliance with the pertinent regulations.

■ The Executive Secretary of Local Board No. 12, Washington County, Montpelier, Vermont, explained the procedure that she followed after she received a Notice of Call from State Headquarters. Within a few days after receiving the Notice of Call, she removed from the file of I–A eligible registrants the number of inductees necessary to fill the requirement, the inductees being selected at that time in order of age with the oldest first. After the delivery list had been completed, the induction order was sent out to those registrants on the list. The Executive Secretary testified that when any information came in that she felt would affect the I–A status of an individual, his file was taken out of the I–A eligible file and the information that she had received was drawn to the attention of the members of the Board. She testified further that if she had any doubts as to whether or not the information received would have an important effect on the I–A status of a registrant, she contacted somebody in State Headquarters. The Court finds that the procedure followed by the Executive Secretary was

1. Although the indictment specifies § 462, it is clear that § 462(a) was intended, and so understood by all parties.

clerical and ministerial in nature and that the regulations relative to preparing delivery lists and orders for induction were followed.

On August 9, 1968, defendant's Local Board was notified that it was to provide six men and one "transfer" for induction on September 10, 1968. The Board was notified in the Order of Call to: "Follow provisions of 1631.7(a) (1) (2) and (3) and 1632.1 of Regulations in filling the call." Ex. 5. The pertinent part of 1631.7 provided that registrants shall be called in the following order:

(3) Nonvoluteers who have attained the age of 19 years and have no [sic] attained the age of 26 years and who (A) do not have a wife with whom they maintain a bona fide family relationship in their homes, in the order of their dates of birth with the oldest being selected first, or (B) have a wife whom they married after the effective date of this amended sub-paragraph and with whom they maintain a bona fide family relationship in their homes, in the order of their dates of birth with the oldest being selected first.[2]

The delivery list shows that the Board ordered seven men for induction, two of whom were volunteers, one of whom is marked as "CANCELLED," and another noted as "Enl. USN." Ex. 6.

At the time the Notice of Call was received by the Local Board, there were four men older than the defendant whose induction had been postponed by order of the Director of Selective Service for the State of Vermont. Colonel Chisholm, Director of Manpower Service for the State, testified that these four were classified "I–AP." There is no official I–AP classification; the P was added to the I–A classification by the Executive Secretary of the Local Board to indicate that the induction of these men was to be postponed. The induction of each of these four registrants, to wit, Stevens, Farnham, Gosselin and Alexander was postponed by the State Director because, although they were not living with their respective wives, they were contributing to the support of their children. One of them, Gosselin, was under a court order to support his children. No determination had been made by the State Director as to when the postponed status of these four registrants would terminate. It can be fairly inferred, therefore, that the postponements would remain effective until and unless changed by the Selective Service Director.

The government takes the position that this postponement was valid under that portion of 32 C.F.R. § 1632.2(a) which provides:

And provided also, That the Director of Selective Service or any State Director of Selective Service (as to registrants registered within his State) may, for a good cause, at any time prior to the issuance of an Order to Report for Induction (SSS Form No. 252), postpone the issuance of such order until such time as he may deem advisable, * * * and no registrant whose induction has been thus postponed shall be inducted into the armed forces during the period of any such postponement. (Emphasis in original.)

This, however, is only a partial reading of the pertinent portions of the Regulation.

32 C.F.R. § 1632.2(b) provides:

The local board shall note the date of the granting of the postponement and the *date of its expiration* in the "Remarks" column of the Classification Record (SSS Form No. 102). (Emphasis added.)

32 C.F.R. § 1632.2(c) states:

Any period of postponement authorized in paragraph (a) of this section may be terminated *before the date of its . expiration* * * *. (Emphasis added.)

■ The Court interprets 32 C.F.R. § 1632.2(b) and (c) to mean that if the

---

2. This Regulation has since been amended and changed.

State Director postpones the issuance of an order for induction, it must be to a date certain. This at least, would insure a review of the registrant's file so that it would not continue "in limbo" indefinitely.

The requirement of a definite date of expiration in sections (b) and (c) of 1632.2 is not a mere technicality, but goes to the heart of the entire Selective Service System. If the State Director can indefinitely postpone the induction order of a registrant, then he, in effect, can usurp the authority of the Local Board. An indefinite postponement amounts to a classification of the registrant and this is a matter specifically and solely reserved to the Local Draft Boards.

It is the *local board's responsibility* to decide, subject to appeal, the class in which each registrant shall be placed. Each registrant will be considered as available for military service until his eligibility for deferment or exemption from military service is clearly established to the satisfaction of the local board. The local board will receive and consider all information, pertinent to the classification of a registrant, presented to it. 32 C.F.R. § 1622.1(c). (Emphasis added.)

In this case, the State Director of Selective Service gave these four registrants the equivalent of a Class III–A status without any decision by the Local Board. Colonel Chisholm testified that the reason for the postponed status was because the dependents of these registrants would probably have to be supported by the state if they were inducted. He also stated on cross-examination that it was his opinion that none of these registrants were eligible for a III–A classification.

32 C.F.R. § 1622.30 provides:

(a) In Class III–A shall be placed any registrant who has a child or children *with whom he maintains a bona fide family relationship in their home * * *.* (Emphasis added.)

However, it also provides:

(b) In Class III–A shall be placed any registrant whose induction into the armed forces would result in extreme hardship (1) to his wife, *divorced wife, child,* parent, grandparent, brother, or sister who is dependent upon him for support, * * *.

Thus any of these four registrants *might* fall within Class III–A if induction would result in extreme hardship to the dependens, but that is a determination to be made by the Local Board, not the State Director of Selective Service.

The Court finds that the State Director of Selective Service for the State of Vermont did not have the right to *indefinitely* postpone the induction date of registrants Stevens, Farnham, Gosselin, and Alexander. Since it is highly likely that had these registrants been "called" ahead of the defendant, he would not have been ordered to report for induction on September 9, 1968, the Court rules that the Order of Call as to the defendant was contrary to the law and denied him his right to due process.

Defendant's motion for judgment of acquittal is granted.

So ordered.