**Judd F. CROSBY, Plaintiff,**

v.

**SELECTIVE SERVICE SYSTEM, LOCAL BOARD NO. 3, McKEESPORT, PENNSYLVANIA, Defendant.**

**Civ. A. No. 70–785.**

United States District Court,
W. D. Pennsylvania.

July 17, 1970.

George E. Schumacher, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

In this civil action, a registrant of Local Board No. 3, McKeesport, Pennsyl-vania, seeks to enjoin his induction into the Armed Forces of the United States, relief in the nature of mandamus and other declaratory relief. Jurisdiction is predicated upon 28 U.S.C. § 1331, 28 U. S.C. § 1361, 28 U.S.C. § 2201 and 28 U. S.C. § 2202.

Plaintiff was ordered by defendant to report for induction on July 7, 1970. On July 6, 1970, the Complaint was filed, including therein a request for a temporary restraining order. Following a hearing on July 7, 1970, the Court entered an Order restraining induction, and a second Order was entered July 9, 1970 continuing the restraint until adjudication of plaintiff's Motion for Preliminary Injunction. Pursuant to Court directive, the parties have filed a Stipulation of Facts and attached thereto registrant's Selective Service File. A complete hearing upon the Motion for Preliminary Injunction was conducted on July 14, 1970. On the basis of the stipulated facts, the evidence educed at the hearing and the law, the Court concludes that the Motion for Preliminary Injunction must be denied for the reason that plaintiff has failed to demonstrate any likelihood of prevailing upon the merits upon his request for final relief.

In support of the decision, the Court hereby submits the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiff is a registrant of Local Board No. 3, McKeesport, Pennsylvania. Plaintiff had a 2–S Student Deferments during the period of time he attended Case Western Reserve University, located in Ohio, from November 18, 1965 until June of 1969.

2. On September 4, 1969, Local Board No. 3 received a Graduate of Professional College Student Certificate (SSS Form 103) from the University of Pittsburgh informing the Local Board that the plaintiff would be in attendance as a first year student at the University of Pittsburgh School of Law from September 1969 to June 1970.

3. On September 12, 1969, plaintiff was classified 1–A, available for military service, and a Notice of Classification (SSS Form 110) was mailed to him on the same date.

4. On Friday, September 19, 1969, on the first page of the Pittsburgh Press newspaper, there was an article (UPI) as follows:

"President Nixon today cancelled draft calls for November and December totaling 50,000.

Mr. Laird said that 29,000 men originally scheduled for induction next month will be taken into uniform instead at the rate of 10,000 in October, 10,000 in November, and 9,000 in December.

While eliminating draft calls for November and December, neither Mr. Nixon nor Mr. Laird specified what will happen to January's call."

5. The time during which plaintiff could have filed a request for a Personal Appearance before his Local Board expired on October 12, 1969.

6. On October 21, 1969, plaintiff was mailed an Order to Report for Induction on November 3, 1969.

7. On October 23, 1969, the plaintiff mailed a letter to the Local Board, which was received on October 27, 1969, requesting a postponement of his induction because he was a first year graduate student at the School of Law at the University of Pittsburgh.

8. On October 30, 1969, the Local Board No. 3 mailed to the plaintiff a Postponement of Induction, informing the plaintiff that by authority of the Pennsylvania State Director under 32 C.F.R. 1632.2, his induction into the Armed Forces heretofore fixed for November 3, 1969 was postponed until July, 1970.

9. On November 26, 1969, President Nixon issued a Proclamation that a random selection sequence was to be established on December 1, 1969, which would determine the order in which the Selective Service would select individuals other than delinquents and volunteers to be delivered for induction pursuant to a call or requisition for a given number of men by the Secretary of Defense.

10. During the latter part of March, 1970, plaintiff applied for the position of a teacher at Penn Hall Academy, located in Monroeville, Pennsylvania.

11. During the early part of April, 1970, plaintiff was advised that he had been accepted as a teacher for the fall semester at Penn Hall Academy.

12. During the early part of April, 1970, plaintiff had been advised by the Headmaster at Penn Hall Academy that a letter would be sent to Local Board No. 3 requesting an Occupational Deferment for the plaintiff.

13. Also in April of 1970, plaintiff went to Local Board No. 3 to inquire as to whether the letter from the Headmaster had been received and whether the Board had acted upon it.

14. In response to his inquiry, plaintiff was advised by the Executive Secretary of the Local Board that said letter had not been received, and, further, that the receipt of such a letter would not cause the Board to reconsider his present 1–A classification since he had already been ordered to report for induction on October 21, 1969 and currently retained a "postponement status."

15. On April 23, 1970, President Nixon issued Executive Order No. 11527, effectively eliminating II–A occupational deferments requested on or subsequent to April 23, 1970, but providing that said deferments could be retained by those persons previously holding the same and continuing to qualify under old standards and could be granted subsequent to April 23, 1970 to those persons who qualified for a II–A classification prior to said date and had submitted a request for deferment prior to that date.

16. The Selective Service File of the plaintiff contains nothing to show that he took any steps to attempt to secure a 2–A, Occupational Deferment under Selective Service Regulation 1622.22 (32 C.F.R.).

17. Because plaintiff was born on August 21, 1947, his random selection sequence number is 291.

18. Random selection sequence number 291 had not been reached by Local Board No. 3 as of July 7, 1970.

19. By letter from Local Board No. 3 dated June 19, 1970, plaintiff was ordered to report for induction on July 7, 1970.

## CONCLUSIONS OF LAW

■ 1. A basis in fact existed for Local Board No. 3's classification of plaintiff as 1-A on September 12, 1969.

■ 2. Plaintiff's duty to submit to induction was fixed by the Local Board's Order to Report for induction dated October 21, 1969. The issuance by the Local Board on October 30, 1969 of a Postponement of Induction pursuant to 32 C.R.R. § 1632.2(a) to enable plaintiff to complete his first year of law school in no way affected the validity and continuing effectiveness of the original Order to Report for Induction, to which plaintiff has remained subject and under which he was subsequently directed to report for induction on July 7, 1970. 32 C.F.R. § 1632.2(d); United States ex rel. Luster v. McBee, 422 F.2d 562, 569–570 (7th Cir. 1970).

■ 3. The statement of the President as reported in the news media on September 19, 1969, does not have the binding force of an administrative order or law and, in any event, did not, as quoted, relate to the draft call pursuant to which plaintiff was ordered to induct, which draft call was prior to November of 1969.

■ 4. The Proclamation of the President dated November 29, 1969 and contemporaneous Executive Order 11497 (amending Selective Service Regulation 1631, 32 C.F.R. § 1631), which establish a random selection sequence for determining the order in which registrants are to be inducted into the Armed Services of the United States, are not retrospectively applicable to plaintiff, who was issued on October 21, 1969 an Order to Report for Induction pursuant to a call by the Secretary of Defense upon said Local Board prior to October 21, 1969. Swift v. Director of Selective Service, et al., No. 44–70 Criminal, United States District Court for the Western District of Pennsylvania, decided April 13, 1970, but not officially reported.

■ 5. Even assuming that plaintiff had been afforded consideration by his Local Board of a request filed prior to April 23, 1970 for a II-A classification he was not then entitled nor is he presently entitled to the same, since plaintiff was not then and is not now presently engaged in the occupationally deferred activity as required by 32 C.F.R. §§ 1622.22 and 1622.23.

6. Since plaintiff was not actually engaged in an occupationally deferred activity as required by 32 C.F.R. §§ 1622.22 and 1622.23 prior to April 23, 1970, the statement of the Executive Secretary of the Local Board to plaintiff upon his visitation in April of 1970 to the effect that he was not eligible for a 2-A deferment was not misrepresentative and induced no mistaken reliance by plaintiff.

■ 7. In filing the instant Complaint on July 6, 1970, the day before plaintiff was to report for induction, when he had knowledge that he had been accepted for future employment at Penn Hall Academy in April of 1970, plaintiff is guilty of laches and will not be looked upon favorably in a court of equity.

An appropriate Order is entered.

## ORDER

NOW, this 17 day of July 1970, it is hereby ordered that plaintiff's Motion for Preliminary Injunction be and the same is hereby denied and it is further ordered that the Temporary Restraining Order entered by the Court on July 7, 1970 and continued on July 9, 1970 be and the same is hereby dissolved.