Ruby **OLAR** et al., Plaintiffs,

v.

**Curtis W. TARR**, Director of Selective Service, et al., Defendants.

No. 71 C 1666.

United States District Court, N. D. Illinois, E. D.

Jan. 12, 1972.

William J. Stevens, George C. Pontikes, Chicago, Ill., for plaintiffs.

William J. Bauer, U. S. Atty., T. T. Scudder, Asst. U. S. Atty., for defendants.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

This is a purported class action seeking pre-induction review of the validity of induction orders postponed past the expiration date of induction authority under the Military Selective Service Act of 1967, 50 App. U.S.C. § 451 et seq. [the Act].

The case now comes before the Court on plaintiffs' motion pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, requesting this Court: (1) to define the class of plaintiffs; (2) to enter an order directing them to show cause why this action should not be maintained as a class action, why they should not be permitted to intervene, and why they should not be included in the defined class; and (3) to enter an order approving the proposed notice and method of service.

The named plaintiffs, Selective Service registrants, have brought this action against certain Selective Service officials on behalf of themselves and all other Selective Service registrants similarly situated, alleging that their orders to report for induction were invalidated by Section 17(c) of the Act, 50 App. U.S.C. § 467(c), when their reporting dates were postponed beyond July 1, 1971.

The plaintiffs seek a judgment declaring these induction orders to be void and an order in the nature of mandamus directing the defendants to cancel them. Jurisdiction is alleged to be founded on 28 U.S.C. §§ 1331, 1361, 2201, and 2202. The plaintiffs, citing Oestereich v. Selective Service System, Local Board 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed. 2d 402 (1968) and Breen v. Selective Service, Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), also contend that Section 10(b) (3) of the Act, 50 App. U.S.C. § 460(b) (3), does not bar the preinduction review they seek.

The defendants oppose this motion and contend not only that this action is barred by Section 10(b) (3), but also that a class action is not proper considering the few who could gain any significant benefit as against the expense, the disruption of the Selective Service System and the many who could suffer delays of induction.

Section 10(b) (3) of the Act provides in pertinent part that:

No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction * * *. 50 App. U.S.C. § 460(b) (3).

While this prohibition appears absolute on its face, the Supreme Court has carved judicial exceptions in Oestereich and Breen to allow preinduction judicial review under limited circumstances.

In Oestereich, supra, the petitioner was a theology student entitled under § 6(g) of the Act (50 App. U.S.C. § 456(g)), to a statutory exemption from training and service, and who was therefore classified IV–D. After he returned his registration certificate to the Government in order to protest the Viet Nam war, his local board reclassified him I–A and subsequently ordered him for induction under Selective Service System regulations authorizing the Board to declare him "delinquent" for failure to have his registration certificate in his personal possession. Petitioner sought pre-induction review contesting the validity of the delinquency procedure, but the district court dismissed his suit and the Court of Appeals for the Tenth Circuit affirmed per curiam. The Supreme Court reversed, finding that there was no authorization for the revocation of statutory exemptions by means of delinquency classifications. The Court stated that Section 10(b) (3) did not bar jurisdiction since:

We deal with conduct of a local Board that is basically lawless.

\* \* \* \* \* \*

The case we decide today involves a clear departure by the Board from its statutory mandate.

\* \* \* \* \* \*

Our construction leaves § 10(b) (3) unimpaired in the normal operations of the Act. Oestereich, supra, 393 U.S. 237–238, 89 S.Ct. 416.

Breen, supra, also involved a petitioner who was reclassified, from II–S to I–A, as a result of his returning his registration certificate to the Government and his being found a "delinquent." After finding that the statutory deferment involved was mandatory, the Court stated that:

We are consequently unable to distinguish this case from Oestereich. In both situations a draft registrant who was required by the relevant law not to be inducted was in fact ordered to report for military service. In both cases the order for induction involved a "clear departure by the Board from its statutory mandate," Oestereich, supra at 238, 89 S.Ct. 416 \* \* \*. Breen, supra, 396 U.S. 467, 90 S.Ct. 666.

Under the plaintiffs' interpretation of Oestereich and Breen, if the complaint presents solely a question of law the court has jurisdiction regardless of the

outcome on the merits of the claim. This Court does not agree. As Judge Will of this District stated in Avery v. Tarr, (N.D.Ill. 11/22/71, No. 71 C 2707, slip 3–4):

When the issue presented by a registrant seeking to void his induction order prior to induction is purely legal, it is impossible to determine if the Court has jurisdiction until it resolves the legal issue. The jurisdictional issue, thus, must be postponed until the court determines whether there exists the statutory mandate which is asserted and whether it has been breached. Gregory v. Tarr, 436 F.2d 513, 515–16 (6th Cir. 1971); Stella v. Selective Service, 427 F.2d 887, 889 (2nd Cir. 1970). If the statutory mandate is clear and it has been breached, the Court has jurisdiction; if the mandate does not exist or it has not been breached, the Court lacks jurisdiction over the claim.

Therefore, this Court must determine whether Section 17(c) requires that the Selective Service System cancel induction orders issued and outstanding on July 1, 1971, as the plaintiffs contend.

Section 17(c) provides that:

Notwithstanding any other provision of this title, no person shall be inducted for training and service in the Armed Forces after July 1, 1971, except persons now or hereafter deferred under section 6 of this title after the basis for such deferment ceases to exist.

This section purports to deal with two types of registrants, those who have been deferred and those who have not been deferred.

■ The Court will deal first with the application of Section 17(c) as to registrants who have not been deferred.

As to those registrants, the section appears to be an absolute statutory mandate preventing their induction, and in fact, that was the intention of the House of Representatives when it added the basic language of Section 17(c) to the Act in 1951. H.R.Rep. No. 271, 82nd Cong. 1st Sess. 37 (1951), U.S.Code Cong. & Admin.Serv.1951, p. 1472. The defendants, however, contend that Section 17(c) neither prevents the induction of these registrants nor requires that their induction orders be cancelled. They contend in the alternative: (1) that the plaintiffs' original induction orders create a continuing obligation on the registrants to report for induction even though the authority to induct terminated July 1, 1971; and (2) that the issuance of an induction order is only one step in the induction process which ends in actual induction, and since Section 17(c) prohibits only the actual induction, it does not require cancellation of the postponed orders.

■ In support of their first contention the defendants cite a number of cases [1] as well as Section 4(a) of the Act, 50 App. U.S.C. § 454(a) which provides in pertinent part that:

[N]otwithstanding any other provision of law, any registrant who has failed or refused to report for induction shall continue to remain liable for induction and when available shall be immediately inducted * * *.

Although the cited cases deal with the continuing duty to report, neither they nor Section 4(a) deal with the right of the Selective Service System to induct registrants who have not been deferred after its power to induct them has terminated. In unambiguous language Section 17(c) provides that induction authority as to these registrants terminated on July 1, 1971 and this was the in-

1. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944); Zerillo v. Local Board No. 102, 440 F.2d 136 (8th Cir. 1971); United States ex rel Luster v. McBee, 422 F.2d 562 (7th Cir. 1970); United States v. Preston, 420 F.2d 60 (5th Cir. 1969); United States v. Delfin,

419 F.2d 226 (2nd Cir. 1969); Kariakin v. United States, 261 F.2d 263 (9th Cir. 1958); Crosby v. Selective Service System, Local Board No. 3, 315 F.Supp. 228 (W.D.Pa.1970); United States v. Prue, 240 F.Supp. 390 (D.Neb.1965).

tent of its drafters. Therefore, the defendants' first contention is clearly untenable.

 The second contention, although more compelling, is also rejected by this Court. In the case of Falbo v. United States, 320 U.S. 549, 552–553, 64 S.Ct. 346, 347, 88 L.Ed. 305 (1944), cited by the defendants, the Supreme Court stated that:

> The mobilization system which Congress established by the Act is designed to operate as one continuous process for the selection of men for national service.
>
> \* \* \* \* \* \*
>
> The connected series of steps into the national service which begins with registration with the local board does not end until the registrant is accepted by the army, navy, or civilian public service camp. Thus a board order to report is no more than a necessary intermediate step in a united and continuous process designed to raise an army speedily and efficiently.

While this Court agrees that the normal steps of processing a registrant such as registration, classification and physical examinations, are not barred by Section 17(c), it is loathe to agree that a registrant can be ordered to report for induction when there exists no authority to actually induct him. These two steps of the induction process are so closely intertwined and interrelated that the authority to execute both steps must exist before either can be carried out. Therefore, since the authority to induct terminated on July 1, 1971, the clear mandate of Section 17(c) of the Act required that the induction orders of those registrants who had never been deferred be cancelled. Since the defendants have breached this statutory mandate, Section 10(b) (3) does not bar jurisdiction as to the plaintiffs, if any, who have not been deferred.

The plaintiffs urge that Section 17(c) required the cancellation of induction orders for those who have received deferments as well as those who have not been deferred. The exception in Section 17(c), "except persons now or hereafter deferred under section 6 of this title after the basis for such deferment ceases to exist," was first added to the Act by the Conference Committee in 1951. C.R. Rep. 535, 82nd. Cong. 1st Sess. 14 (1951), U.S.Code Cong. & Admin.Serv. 1951, p. 1508. Although this exception was not explained by the legislative history, the plaintiffs contend that it should be interpreted in light of Sections 4 and 10(a) of the Act which were also passed in 1951. Section 4 provides in part for a National Security Training Corps [2] to accomplish universal military training, whereas Section 10(a) provides for the re-establishment of the office of Selective Service Records upon termination of the Act. The gravamen of the plaintiffs' argument is that since the only termination provided for in the Act is termination of induction authority under Section 17(c), the provisions of Section 10(a) are without meaning unless the exception in Section 17(c) is construed to permit induction only into a National Security Training Corps, since legislative history indicates that it was to replace the draft as administered by the Selective Service System upon termination of the Act. H.R.Rep. No. 271, 82nd Cong. 1st Sess. 30 (1951). Further, since Congress failed to implement these provisions of Section 4, they contend that Section 17(c) should be read as an absolute termination of induction authority.

 Section 17(c), however, explicitly states that "[N]o person shall be inducted for training and service in the *Armed Forces* after July 1, 1971, except persons now or hereafter deferred \* \* \*" [emphasis added]. The statutory language is clear and as the Supreme Court stated in Ex parte Collett,

---

2. Since Congress has never enacted the appropriate joint resolution to implement the provisions of Section 4, the National Security Training Corps was never established.

337 U.S. 55, 61, 69 S.Ct. 944, 947, 93 L. Ed. 1207 (1949):

> [T]here is no need to refer to the legislative history where the statutory language is clear. "The plain words and meaning of a statute cannot be overcome by a legislative history which, through strained processes of deduction from events of wholly ambiguous significance, may furnish dubious bases for inference in every direction." Gemsco v. Walling [1945], 324 U.S. 244, 260 [65 S.Ct. 605, 614, 89 L.Ed. 921]. This canon of construction has received consistent adherence in our decisions * * *.

Therefore, it is clear that the exception in Section 17(c) refers to induction into the Armed Forces and not into some non-existent training corps.

■ The plaintiffs next contend that the exception applies only to those registrants deferred *on* July 1, 1971 and that none of the plaintiffs were deferred on that date. The exception has been construed, however, to include all registrants who could have been inducted but for deferments held on or before July 1, 1971. Gruneich v. Tarr, 336 F.Supp. 1147 (N.D.Cal.1971); United States v. Jones, 336 F.Supp. 878 (N.D.Cal.1971). This court feels that the latter is the more reasonable construction of the exception and therefore, any plaintiff deferred prior to July 1, 1971 comes within the exception.

The plaintiffs also contend that since Section 17(c) requires the cancellation of induction orders of registrants who have never been deferred, the registrants who have been deferred will be inducted out of the order of call. Therefore, citing Liese v. Local Board No. 102, 440 F.2d 645 (8th Cir. 1971), the plaintiffs contend that their induction orders should be declared void. *Liese,* easily distinguished from the instant case, involved a registrant whose order to report for induction was issued prior to the effective date of the Random Selection Sequence (draft lottery), which was January 1, 1970, and was un-

lawfully postponed until after that date. The court held that since Liese was neither a delinquent nor under a validly postponed induction order, his order of call was governed by the Random Selection Sequence and he could not be inducted before his lottery number was reached.

■ In the case at bar, the plaintiffs' lottery numbers have been reached and therefore, the cancellation of the induction orders of other registrants who have also been reached in the order of call does not prejudice them.

The plaintiffs next contend that since their induction orders were postponed without the setting of a new induction date, they became void. In support of this position, the plaintiffs cite *Liese, supra;* Hamilton v. Commanding Officer, 328 F.2d 799 (9th Cir. 1964); and United States v. Johnson, 314 F.Supp. 88 (D.N.H.1970).

These cases are also distinguishable from the instant case. *Liese,* as pointed out above, involved local board action violative of 32 C.F.R. Section 1632.2(b), in that the registrant was not mailed notice of his postponement. The Court of Appeals for the Eighth Circuit, in United States v. Watson, 442 F.2d 1273 (8th Cir. 1971), distinguished *Liese* on that basis and found that since the local board in *Watson* had not postponed induction past the 120 days provided by regulation, postponement "until further notice" did not cancel the induction order.

■ *Johnson, supra,* was a criminal case where a State Director had postponed, not the defendant's induction, but the inductions of four individuals who were ahead of the defendant in the order of call. The court found that since the State Director indefinitely postponed these inductions in violation of 32 C.F. R. Section 1632.2(a), the defendant was prejudiced by being inducted out of the order of call. Although the language in that opinion is broad enough to support the plaintiffs' position, it should be held to the particular facts in that case.

Since postponements caused no such disruption in the order of call in this case, *Johnson* lends little authority for cancellation of the orders here.

 Finally, the Court of Appeals for the Ninth Circuit stated in *Hamilton, supra,* that:

> [I]n our view the board did subsequently cancel its order to report by its postponement on March 6, 1963, "until further notice" of induction. *Hamilton, supra,* 328 F.2d 799, 802.

Although this suggests that a postponement for an indefinite time would cause the cancellation of the induction order, the Ninth Circuit clarified its position in United States v. Martinez, 427 F.2d 1358 (9th Cir. 1970), cert. denied, 400 U.S. 879, 91 S.Ct. 122, 27 L.Ed.2d 117. After stating that *Hamilton* involved a local board's postponement in excess of the 120 days authorized by 32 C.F.R. § 1632.2(a), the court stated that:

> We do not believe that *Hamilton* stands for the proposition that a postponement of an induction order "until further notice" amounts, on these facts [where the postponement is for less than 120 days], to a cancellation of the previous induction order. *Martinez, supra,* 427 F.2d 1358, 1360.

This Court agrees that the postponements, although indefinite, did not amount to the cancellation of the plaintiffs' induction orders.

 The plaintiffs' final contention is that since the postponements exceeded the 120 day period authorized by 32 C. F.R. Section 1632.2, the induction orders are void. The cases cited in support of this contention, United States v. Munsen, 443 F.2d 1229 (9th Cir. 1971); United States v. Stevens, 438 F.2d 628 (9th Cir. 1971); and United States v. Lonidier, 427 F.2d 30 (9th Cir. 1970), all involved local board postponements pursuant to 32 C.F.R. Section 1632.2(a). The Court of Appeals for this circuit has held that the 120 day period provided for in Section 1632.2(a) applies only to formal postponements under authority of *local boards* and for emergency circumstances. United States ex rel. Luster v. McBee, 422 F.2d 562, 570 (7th Cir. 1970). Thus, since the Director of Selective Service instituted the postponements here at issue, the 120 day period is inapplicable and this contention is without merit.

 Having found that there was no clear departure from a statutory mandate as to those registrants deferred on or before July 1, 1971, this Court must dismiss the action as to those parties for want of jurisdiction.

The parties have filed briefs in support of and in opposition to the plaintiffs' motion pursuant to Rule 23(c). They have also filed a stipulation of facts. While the named plaintiffs purport to represent all registrants whose orders to report for induction were postponed past July 1, 1971, a careful study of the pleadings indicates that the named plaintiffs are registrants who come within the exception to the general prohibition of Section 17(c) of the Act discussed above. Nowhere in the pleadings is it contended that the named plaintiffs are other than in that group, and in fact, the stipulation of facts refers only to that group.

 As the Court stated above, jurisdiction as to these registrants is barred by Section 10(b)(3). Further since no named plaintiff is a registrant who had not been deferred prior to July 1, 1971, a class action is not proper as to that class under Rule 23(a), which provides in pertinent part that:

> One or more *members of a class* may sue or be used as representative parties on behalf of all only if [certain requirements are met] * * *. [Emphasis added.]

Therefore, the plaintiffs' motion pursuant to Rule 23(c) is denied and the case is hereby ordered dismissed for want of jurisdiction.