444 F.2d 251
 Francis J. SMITH, Jr., Appellant,
v.
Dr. Curtis W. TARR, National Director of the Selective Service of the United States; Col. J. W. Brokaw, New York State Director of Selective Service of the United States; Louis Bistrong, Chairman; Edward Yamin, Vice-Chairman; and Harvey Soicher, Vice-Chairman and other members of Selective Service Local Board No. 4, Freeport, New York, Appellees.
 No. 1028.
 Docket 71-1421.
 United States Court of Appeals, Second Circuit.
 Argued May 27, 1971.
 Decided June 10, 1971.
 
 Robert Levy, Freeport, N. Y., of counsel (Levy & Rubinstein and Bernard P. Levy, Freeport, N. Y., on the brief), for appellant.
 Mary P. Maguire, Asst. U. S. Atty., E. D. N. Y. (Edward R. Neaher, U. S. Atty., and David G. Trager, Asst. U. S. Atty., on the brief), for appellees.
 Before KAUFMAN, ANDERSON and MANSFIELD,* Circuit Judges.
 PER CURIAM:
 
 
 1
 Francis J. Smith, Jr. appeals from an order denying his motion for a preliminary injunction restraining defendants, the national and state directors of the Selective Service System and the members of Local Board No. 4, Freeport, New York, from inducting him into the armed services. His induction has been stayed pending this expedited appeal. We affirm the order below and vacate the stay.
 
 
 2
 The facts on which Smith's claim is based are uncomplicated. He was born on February 8, 1950. Under the random selection procedure, 32 C.F.R. § 1631.5 (d), all registrants born on that date were assigned random sequence number 181 as a result of a national lottery conducted on December 1, 1969. Smith was properly classified I-A and was placed in the First Priority Selection Group, 32 C.F.R. § 1631.7(c) (2), where he remained throughout the calendar year 1970. Although random sequence numbers up to 195 were reached by Local Board No. 4, Smith was not ordered to report for a physical examination, 32 C.F.R. § 1628.11, or ordered to report for induction, 32 C.F.R. § 1632.1, because his file, due to a clerical error not then discovered, had been marked with number 247 instead of number 181. At the conclusion of calendar year 1970 he was placed in the Second Priority Selection Group, 32 C.F.R. § 1631.7(c) (3).
 
 
 3
 In January, 1971 the clerical error in marking Smith's file was discovered. Local Board No. 4, in an action conceded to be proper, then corrected his number in its records and placed him in the Extended Priority Selection Group, 32 C. F.R. § 1631.7(c) (1), since he was a member of the First Priority Selection Group "whose random sequence number had been reached but who had not been issued Orders to Report for Induction during the calendar year," 32 C.F.R. § 1631.7(d) (4). On February 23, 1971, Smith was ordered to report for a pre-induction physical examination. On March 22 he was mailed a statement of medical acceptability, DD Form 62. On March 24 he was mailed an order to report for induction on April 15, 1971, as one eligible for induction under 32 C.F.R. § 1631.7(b) (2).
 
 
 4
 Smith contends that the March 24 order requiring him to report for induction on April 15 was in violation of the first clause of 32 C.F.R. § 1631.7(d) (5).[1] This argument is foreclosed by the remainder of that subsection which provides that the April 1 limitation shall not apply when a local board is prevented from issuing an order to report for an induction before April 1 for a number of reasons, among which is listed the delay resulting from the pre-induction physical examination. The clerical error in this case would not have prevented the Local Board from ordering Smith to report for an induction before April 1 if it had not been for the requirements that a physical examination precede induction, 32 C.F.R. § 1628.10, and that mailing of the statement of acceptability precede the date of induction by at least 21 days, 32 C.F.R. § 1631.7(a).
 
 
 5
 Although the language of the regulation is not a model of clarity, and the exceptions specifically mentioned as circumstances which might prevent a local board from acting prior to April 1 appear principally to be types arising from the registrant's conduct rather than that of the board the regulation expressly states that they "shall include but not be limited to" such circumstances. We do not construe the regulation as precluding induction of a registrant where the local board has, as it did here, discovered and corrected its clerical error before April 1, in adequate time to complete before April 1 each step in the administrative process which precedes induction, leaving only actual induction of the registrant after that date.
 
 
 6
 The order appealed from is affirmed.
 
 
 
 Notes:
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation when argument was heard
 
 
 [1]
 32 C.F.R. § 1631.7(d) (5):
 "Members of the Extended Priority Selection Group who have not been issued orders to report for induction and originally scheduled for a date prior to April 1 shall forthwith be assigned to the lower priority selection group to which they would have been assigned had they never been assigned to the Extended Priority Selection Group; except that members of the Extended Priority Selection Group who would have been ordered to report for induction to fill the last call in the first quarter of the calendar year but who could not be issued orders shall remain in the Extended Priority Selection Group and shall be ordered to report for induction as soon as practicable. Circumstances which would prevent such an order shall include but not be limited to those arising from a personal appearance, appeal, preinduction physical examination, reconsideration, judicial proceeding, or inability of the local board to act."