Eugene C. SCHEMANSKI

v.

Dr. Curtis TARR, National Director of Selective Service, et al.

No. 71 C 1467.

United States District Court, N. D. Illinois, E. D.

Sept. 1, 1971.

■■■■■■■■■■■■

Harvey Sussman, Sussman & Hertzberg, Chicago, Ill., for plaintiff.

William J. Bauer, U. S. Atty., Chicago, Ill., for defendants.

## ORDER

McMILLEN, District Judge.

This case comes on to be heard on the plaintiff's Complaint filed June 18, 1971 for an injunction and for a declaratory judgment. He alleges that he was about to be improperly inducted into the armed forces on June 25, 1971, two days after his 26th birthday. In order to understand how this came about, it is necessary to review some of the uncontested facts.

Initially, in 1969, plaintiff was classified I-A, but induction was deferred because of a criminal charge which he represented to be pending against him when he answered his original selective service questionnaire on February 13, 1969. He filed a similar response on his questionnaire dated Sept. 14, 1969. Someone other than the plaintiff wrote on this questionnaire: "Case has been struck. You will receive letter from lawyer very shortly (DATE OF TRIAL)," but no further information was furnished at that time. On July 11, 1970, plaintiff again answered a questionnaire and stated "Awaiting trial for felony."

When a fourth questionnaire was sent to plaintiff on January 20, 1971, it apparently bore the typed notation "In the Court Record Section please enter the date you are to go to court. If no date is set and you have a lawyer, please have him submit a letter to the local board concerning your case." Plaintiff dated the questionnaire as of February 6, 1971 and for the first time left the "Court Record" section completely blank. He did not answer the questions concerning whether he had ever been "convicted or adjudicated" of a crime or was being retained in the custody of a court of criminal jurisdiction.

On February 16, 1971 this questionnaire was received by the Board, and on the same date it also received a letter from plaintiff's attorney dated February 12, 1971 which stated:

I am writing this letter to you concerning Eugene Schemanski and his law case No. 69 L 11969. In view of the backlog of cases in our court system, there is no way to give you a trial date. Under the present system they are just now trying 1965 cases and having pretrial conferences on cases filed in 1966. This present case is alive and pending and will in due time of course be tried.

If plaintiff had been inducted with the next group called after this letter was received, the parties agree that this would have been timely. The clerk of the Board apparently was not satisfied with the foregoing letter and questionnaire, however, and telephoned the attorney for more information. It does not appear from the record when this telephone call was made, but on March 18, 1971 the Board received a second letter from the attorney:

Pursuant to previous phone conversation after receipt of my letter of February 12, 1971 for more data concerning the case of Eugene Schemanski known as Case No. 69 L 11969, please be advised that the case is one for false arrest and malicious prosecution in which Mr. Schemanski is suing the defendant for having him wrongfully arrested and prosecuted for the alleged theft of tires by Mr. Schemanski which in fact never took place.

The defendant in the suit failed to ever complete prosecution for the criminal proceedings because of the fact that he had no case to begin with. I hope that this will suffice.

After receipt of this second letter, the Board promptly issued an induction notice for the next possible induction date, April 16, 1971. The notice was issued on April 5.

Plaintiff alleges he became ineligible after March 31, 1971. As a member of the Extended Priority Selection Group he asserts he should have received notification of induction only during the first quarter of the year, pursuant to 32 C.F.R. Section 1631.7(d) (5). This subsection provides:

Members of the Extended Priority Selection Group who have not been issued orders to report for induction and originally scheduled for a date prior to April 1 shall forthwith be assigned to the lower priority selection group to which they would have been assigned had they never been assigned to the Extended Priority Selection group; *except that* members of the Extended Priority Selection group who would have been ordered to report for induction to fill the last call in the first quarter of the calendar year *but who could not be issued orders* shall remain in the Extended Priority Selection Group and shall be ordered to report for induction as soon as practicable. Circumstances which would prevent such an order shall include but not be limited to those arising from a personal appearance, appeal, preinduction physical examination, reconsideration, judicial proceeding, or inability of the local board to act. [Emphasis added.]

When plaintiff received his induction notification for April 16, 1971, he obtained a postponement to June 25, 1971, but the fact that this falls after his 26th birthday is immaterial if the notification was valid. In order to gain time to resolve the problem, this court entered a temporary injunction on June 24, 1971 postponing plaintiff's induction further.

The defendants have filed an answer to the Complaint, denying that plaintiff exhausted his administrative remedies of appeal and also contesting this court's jurisdiction because of the narrow judicial functions allowed by 50 U.S.C. App. § 460(b) (3). Before these issues were litigated, the court and the parties proceeded to the factual issue of whether plaintiff's lawyer's notification to the Board by his first letter, received February 16, 1971, was sufficient to require the Board at that time to change his status and order him to report for induction in March, 1971. The defendants acknowledge that the Board would have had sufficient time to do this, but contend that the Board was not adequately advised that plaintiff was available until receiving the second letter from his lawyer on March 18, 1971. The defendants concede that, administratively, the Board did not then have time to give the plaintiff sufficient notice to be inducted before April 1 but contend that the Board still had the authority, under the exception in the foregoing regulation, to notify him any time before his 26th birthday.

■ It is the court's opinion that the plaintiff is not entitled to a permanent injunction for several reasons, none of which require deciding the foregoing question of fact. Since it is clear from the pleadings that this case involves a decision which was within the power of the local board to make, this court has not been given any reviewing jurisdiction under 50 U.S.C. App. § 460(b) (3). The decision in Ostereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) allows injunctive relief in a very narrow situation where a Board acted wholly without authority and contrary to statute, to the extent that its induction notice was *ultra vires* and void. But on the same day, the court decided Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968) which makes it clear that this court has no power to review the facts or exercise of discretion upon which an induction notice is based, except in a criminal or *habeas corpus* situation.

Secondly, it does not appear that the Board has acted without at least a color of right in this instance. Section III D(1) of Local Board Memorandum 99, upon which the Board's action was

based, provides in almost the same words as Part 1631.7(d) (5) as follows:

> Any member of the Extended Priority Selection Group who has not been issued an order to report for induction scheduled on a date prior to April 1 shall forthwith be assigned to the Second Priority Group for that calender year, with the following exception: Any member who would have been ordered to report for induction to fill the last call of the first quarter of the year but could not be issued an order shall remain in the Extended Priority Selection Group and shall be ordered to report for induction as soon as practicable. Circumstances which could prevent such an order shall include but not be limited to those arising from a personal appearance, appeal, preinduction physical examination, reconsideration, judicial proceeding, or inability of the local board to act.

■ Under this memorandum, since plaintiff had not been notified to report before April 1, he would be assigned to the Second Priority Group, with the result that he would not have been notified to report before his 26th birthday unless he falls into the exception. The words "could not be issued an order", which define the exception, do not seem to require absolute impossibility, but, rather, the permissible "circumstances" indicate considerable flexibility. The court finds that there was a practical inability of the local board to act in the case at bar because defendants believed that plaintiff was not eligible. The sense of the Memorandum and of the Regulation is not to excuse an eligible registrant from induction but to postpone induction to a later date if he could not be inducted during the first quarter of the year.

■ By his questionnaires filed on Feb. 13, 1969, Sept. 14, 1969 and July 11, 1970 the plaintiff represented that he was under charges for a felony and was awaiting trial. He admits in his Complaint, however, that these charges had been dismissed by the State on December 19, 1967, although it does not appear when plaintiff learned of that. A civil action for malicious prosecution was filed on behalf of the plaintiff in 1969, which could have been instituted only after dismissal of the criminal charges. It was the plaintiff's affirmative duty to discover and to inform his Board within 10 days of any fact which might result in his being placed in a different classification. United States v. Garland, 364 F.2d 487 (C.A. 2, 1966) 32 C.F.R. Sections 1625.1(b) and 1641.7(a).

■ Then when he received the last questionnaire mailed by the Board on January 20, 1971, plaintiff failed to return this within 10 days as required by 32 C.F.R. Sec. 1641.7(b). The information reached the Board some six weeks late, on March 18, 1971, which was only three days after the March induction notices had gone out to other members of the group. The plaintiff was responsible for this delay and for his mistaken deferment since 1969, and we can see no justification under these circumstances to exercise equitable jurisdiction to prevent the induction of an otherwise eligible registrant.

■ Finally, it should be observed that the plaintiff has not exhausted his administrative remedies, according to the defendant's Answer. The court does not have all the facts on this point and need not decide it in view of the jurisdictional problem discussed above. However, if plaintiff did file this lawsuit before taking the administrative appeals which are available to him to review the Board's actions, this is one further reason why this court should not act, even if we had jurisdiction. See McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). The proper method to resolve the questions of fact and questions of law which might arise concerning the validity of plaintiff's induction is spelled out in 50 U.S.C. App. § 460(b) (3), and these questions cannot be litigated here, at least not at this stage. Although the appeal procedures were by-passed in *Os-*

*tereich* (supra), that decision is inappropriate here.

In order to afford the plaintiff time to consider what future course of action he chooses, the temporary injunction will remain in effect but only until September 13, 1971.