**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Bruce Herbert BORN, Defendant.**

**No. G–203–71 Cr.**

United States District Court,
W. D. Michigan, S. D.

Feb. 18, 1972.

Robert Green, Asst. Dist. Atty., Grand Rapids, Mich., for plaintiff.

Robert Carr, East Lansing, Mich., for defendant.

### OPINION AND ORDER

FOX, Chief Judge.

Petitioner has been indicted for willfully and knowingly failing to report for and submit to induction into the Armed Forces of the United States, in violation of 50 App. United States Code, § 462. He has moved this court to dismiss the indictment on grounds that the order which directed him to report for induction was invalid and untimely under the Selective Service regulation recorded in Title 32 of Code of Federal Regulations, § 1631.7(d) (5). He also asserts that

his local board's rejection of his request for classification as a conscientious objector was without basis in fact.

On September 16, 1970, petitioner, Bruce Herbert Born, was classified I–A. On October 20, 1970, he filed SSS Form 150 with his local board, claiming entitlement to an I–O classification as a conscientious objector. On the following day, October 21, 1970, the board found no change in Born's status and mailed him notification of his continued classification of I–A. Thereupon, Born timely requested a personal appearance before the local board. This request was granted and an appearance scheduled for December 16, 1970. On this date, the local board freshly reviewed petitioner's file and found no change. Born was never notified of this decision, however, nor was he advised of his appeal rights therefrom.

On January 20, 1971, petitioner was ordered to report for induction on February 11, 1971. On March 23, 1971, however, the State Selective Service Headquarters notified the local board that its induction order was in error in that it had not reopened Born's classification on December 16, 1970, and had not mailed him a new notice of classification (SSS form 110) affording him the right of personal appearance and appeal. In response, the local board reopened petitioner's file on April 21, 1971, denied a I–O classification and advised petitioner of its action by way of an SSS form 110. On June 4, 1971, petitioner was ordered to report for induction on June 21, 1971, which order is the subject of the present indictment.

Part 1631 of the selective service regulations prescribes the procedure to be employed in calling up for induction eligible draft registrants. This part of the regulations reflects the new random selection procedure established by the President. Under this procedure, as specifically detailed in 32 CFR § 1631.7, a registrant is placed in a First Priority Selection Group for the first calendar year following his 19th birthday during which he is classified I–A or I–A–O.

Registrants are then called from this First Priority Group in the order of their random selection numbers, assigned by lottery.

§ 1631.7(d) (2) then provides that members of the First Priority Selection Group on December 31 in any calendar year whose numbers have not been reached in the call are to be dropped in priority. To date, no member of lesser priority groups have had to be called for induction. § 1631.7(d) (4) provides, however, that members of the First Priority Group on December 31, whose numbers have been reached during the calendar year but who have not themselves been ordered to report for induction are to be assigned to an Extended Priority Selection Group. § 1631.7(d) (5), the regulation which is the focal point of dispute in these proceedings, then provides for the following treatment of members of this special group:

(5) Members of the Extended Priority Selection Group who have not been issued orders to report for induction and originally scheduled for a date prior to April 1 shall forthwith be assigned to the lower priority selection group to which they would have been assigned had they never been assigned to the Extended Priority Selection Group; except that members of the Extended Priority Selection Group who would have been ordered to report for induction to fill the last call in the first quarter of the calendar year but who could not be issued orders shall remain in the Extended Priority Selection Group and shall be ordered to report for induction as soon as practicable. Circumstances which would prevent such an order shall include but not be limited to those arising from a personal appearance, appeal, preinduction physical examination, reconsideration, judicial proceeding, or inability of the local board to act.

Petitioner, born May 30, 1948, holds random selection number 103. That number had been "reached" by December 31, 1970, at which time he was clas-

sified I–A, so he was properly placed in the Extended Priority Group for the first quarter of calendar year 1971. During the period January 1, 1971 to April 1, 1971, however, Born was never subjected to a valid induction order, as the United States concedes. Indeed, petitioner was not scheduled for induction until ten days before the end of the second quarter of 1971.

The government argues notwithstanding the April 1 deadline fixed by the regulation, that Born was a "member . . . who could not be issued orders" during the first quarter due to the circumstances created by the improper classification procedure employed in December of 1970.

It is clear that none of the specific illustrative examples mentioned in the regulation are here applicable except, possibly, the last. The issue posed for decision by petitioner's present motion thus can be distilled to the question of whether under the circumstances of this case there was "an inability of the local board to act", or, more broadly, whether Born "could not be issued orders" before April 1, 1971.

The language to be construed is anything but precise. The illustrations included in § 1631.7(d) (5) seem to primarily identify circumstances arising out of a registrant's own conduct. It seems reasonable to infer further that delays occasioned by regular, ordinary processing requirements established by statute and regulation were contemplated by the vague language here in issue. These are the kinds of circumstances which were involved in the three cases cited by the government to support its opposition to Born's present motion.

In Smith v. Tarr, 444 F.2d 251 (2nd Cir. 1971), the court construed the language of § 1631.7(d) (5)—"not a model of clarity"—to authorize the April 15 induction of an extended liability registrant upon a showing of circumstances wherein the local board discovered a clerical error early enough to enable it to draft the registrant before April 1. In so ruling the court stressed the intervention of circumstances specifically listed in the regulation:

"The clerical error in this case would not have prevented the Local Board from ordering Smith to report for an induction before April 1 if it had not been for the requirements that a physical examination precede induction, 32 C.F.R. § 1628.10, and that mailing of the statement of acceptability precede the date of induction by at least 21 days, 32 C.F.R. § 1631.7(a)." (At page 252.)

Hence, in this civil action for injunctive protection, the induction was not enjoined since the board had "discovered and corrected its clerical error before April 1" and had issued an induction order before April 1, "leaving only actual induction of the registrant after that date." (At page 252.)

Fundamentally different are the facts beneath the induction order here challenged in this criminal proceeding. In this case, before April 1, 1971, the local board had merely received notice of its error. The error was not corrected before April 1; indeed, the first step was not taken to correct the error until April 21. No physical examination was required, nor were any appeals or requests for personal appearances pending at any time between January 1, 1971 and April 1, of the same year. The order to report for induction did not go out until June.

Even more substantially distinguishable are the facts underlying the decision of the Fourth Circuit Court of Appeals in Lawton v. Tarr, 446 F.2d 787 (1971). In Lawton, another civil action, the court found that the local board had at all times acted expeditiously and lawfully in processing the registrant's file. No error on its part occasioned delay. A physical examination plus a required security check, all conducted within the minimum time permitted by regulation, caused delay which resulted in the issuance of an induction order on April 5, with induction scheduled on April 21. The court found that under these circumstances the local board was "unable"

to move faster and refused to release Lawton from the Army on his habeas corpus petition.

In Schemanski v. Tarr, 331 F.Supp. 65 (N.D.Ill.1971), delayed induction was attributable to confusion caused by the registrant, according to the findings of the court. The local board was under the mistaken impression that it could not draft Schemanski earlier due to the existence of other pending criminal prosecutions involving him. As soon as the facts were clarified, an induction order was issued.

Unlike the circumstances of any of the above cases, and distinct from the rationales of construction identified and accepted in them, are the facts and applicable principles posed in the instant proceedings. Here, substantial delay beyond the regulation deadline was prompted not by the registrant's conduct nor by regular processing requirements imposed by regulation, but by concededly irregular, unjustifiable and lawless conduct on the part of the local board. Is the regulation presently before the court to be construed to place the burden of criminal sanctions upon the registrant in such circumstances? This court thinks not.

■■■ In this case, the local board "could" have inducted Born before April 1, 1971. It was not "unable" to draft him but, rather, was· precluded from complying with the regulatory deadline only by its own mismanagement. This court surely finds itself in poor position to condemn an agency for committing an error the like of which must almost necessarily accompany the discharge of massive clerical responsibilities. But the § 1631.7(d) (5) April 1 deadline, if it is to be given any meaning, must be read to provide that in such instances of error by the board, at least when undiscovered in time to permit correction before April 1, the burden of the error falls upon the board and not the registrant. If the framers of the regulation intended that all registrants whose number was reached during their year of

primary vulnerability should be indefinitely liable for call thereafter, subject only to the local board's duty to avoid wholly unreasonable delay, such purpose could have been easily expressed. Instead, the regulation provides that even for those whose numbers have been reached but who have not been called by December 31, vulnerability to induction shall be precisely defined and limited to the first calendar quarter of the following year. Certainly, the regulation allows for some necessary administrative flexibility, but this court finds that the language presently disputed must be construed to define the exception and not the rule in cases where members of the Extended Priority Selection Group have not been inducted by April 1 of the relevant year. In so ruling, this court takes judicial notice of the basic broad purpose of the new random selection plan of call, which was and is to eliminate as much as possible the ambiguity and cruel uncertainty which heretofore accompanied a young man's assessment of his military responsibility under the Selective Service Act. It was clearly the intention of the drafters of § 1631.7(d) (5) to extend this philosophy to those subject to extended liability. A fixed date for termination of prime vulnerability to induction is the prime objective of the President's new random selection system, embodied in 32 CFR § 1631.

Accordingly, for the reasons set forth herein, the judgment of the court is that the language "could not be issued orders" and "inability of the local board to act" is inapplicable to the facts giving rise to the June 4, 1971 induction order issued to Bruce Herbert Born. Therefore, petitioner Born's motion to dismiss the indictment based on that order is hereby granted and the indictment is hereby dismissed. In light of the view this court takes of the issue discussed, it finds further discussion of petitioner's second claim relating to the local board's denial of a I–O classification unnecessary.

It is so ordered.