**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mark Burdick BOWEN, Defendant-Appellant.**

**No. 72-2041.**

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1972.

---

Lee Davis Kell (argued), of Kell & Alterman, Portland, Or., for defendant-appellant.

Joseph E. Buley, Asst. U. S. Atty. (argued), Donald H. Upjohn, Sp. Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT and CHOY, Circuit Judges, and LINDBERG, District Judge.*

* Honorable William J. Lindberg, Senior United States District Judge, Western District of Washington, sitting by designation.

1. "(5) Members of the Extended Priority Selection Group who have not been issued orders to report for induction and originally scheduled for a date prior to April 1 shall forthwith be assigned to the lower priority selection group to which they would have been assigned had they never been assigned to the Extended Priority Selection Group; except that members of the

EUGENE A. WRIGHT, Circuit Judge:

Appellant refused induction into the armed forces, was indicted and found guilty of a violation of 50 U.S.C. App. § 462. On this appeal, the sole issue is whether his local board violated Selective Service Regulations [32 C.F.R. § 1631.7(d)(5)] in issuing the order to report. The regulation, set forth in the margin,[1] deals with the Extended Priority Selection Group (EPSG).

After an initial classification of I–A, appellant was given a student deferment and classified II–A. Following a physical examination, he was found qualified for military service in February 1970. He asked for SSS Form 150 which, after completion and return, resulted in a denial of classification as a conscientious objector. Bowen appealed that ruling and, on February 17, 1971, the appeal board classified him I–A. The records were returned to the local board on February 24. Meanwhile, on January 1, 1971, he had been transferred to the EPSG. On March 15, 1971, he was ordered to report for induction on April 26, 1971. He refused induction and was prosecuted.

Because his induction date was after April 1, Bowen contends that he should have been assigned to the lower priority selection group and would not have been eligible for call until a much later date, if at all. He urges that there was nothing to prevent the local board from issuing a timely induction order and that the action of the board demonstrated

Extended Priority Selection Group who would have been ordered to report for induction to fill the last call in the first quarter of the calendar year but who could not be issued orders shall remain in the Extended Priority Selection Group and shall be ordered to report for induction as soon as practicable. Circumstances which would prevent such an order shall include but not be limited to those arising from a personal appearance, appeal, preinduction physical examination, reconsideration, judicial proceeding, or inability of the local board to act."

carelessness or mismanagement. He cited United States v. Born, 338 F.Supp. 444 (W.D.Mich.1972), the only case to hold that an induction after April 1 was beyond the jurisdiction of the board.

His reliance on *Born* is misplaced. There, a delay of almost three months was found to have been due solely to board mismanagement. Here, the district judge found that Bowen's appeal "made it practically impossible for the local board to order him to report for induction before April 1." The regulation provides examples of circumstances which, should they occur and prevent a pre-April 1 induction date, would enable the board to order the EPSG member for induction "as soon as practicable." Included are problems associated with appeals and with the inability of the local board to act. Both are present here.

■■■ The delay until February 24 was the direct result of Bowen's appeal of his I–A classification. On February 24 the local board had already begun the process of selecting March inductees. There is no evidence that this board met between February 24 and March 9, the date the March Delivery List was prepared, or, even if it had done so, that its normal administrative procedures would have caused Bowen's induction to come up for consideration for the March call group. Each board has reasonable discretion to direct its operations in accord with its own procedures. We presume that the board acted regularly and in the usual course of its business.

While this circuit has not interpreted the regulation, two others have. *See* Smith v. Tarr, 444 F.2d 251 (2d Cir. 1971) and Lawton v. Tarr, 446 F.2d 787 (4th Cir. 1971), cert. denied 405 U.S. 924, 92 S.Ct. 969, 30 L.Ed.2d 796 (1972).

In *Smith*, the registrant was also a member of the EPSG. Because of an earlier board clerical error, the statement of acceptability for military service was not mailed to the registrant until March 22. Under the regulations the mailing of the statement of acceptability must precede the date of induction by at least 21 days, and the registrant was accordingly ordered to report for induction on April 15. The court said:

"We do not construe the regulation as precluding induction of a registrant where the local board has, as it did here, discovered and corrected its clerical error before April 1, in adequate time to complete before April 1 each step in the administrative process which precedes induction, leaving only actual induction of the registrant after that date." Smith v. Tarr, supra, 444 F.2d at p. 252.

In *Lawton*, the court said that the "inability of the local board to act" proviso should be interpreted to allow the board to issue an order to report after April 1 if:

"(a) the local board . . . [has] proceeded with reasonable dispatch to comply with the regulations governing the selection, examination, and induction of registrants, and (b) the registrant was inducted as soon as practicable."

Lawton's induction order was delayed by a security check required by some of his answers to a security questionnaire. The court found that both conditions existed and the order was valid.

Other cases which have interpreted the regulation broadly are Schemanski v. Tarr, 331 F.Supp. 65 (N.D.Ill.1971) and United States v. Lewis, 5 SSLR 3134 (D.Or., Jan. 21, 1972). The court, in *Schemanski*, said that "[t]he words 'could not be issued an order . . .' do not seem to require absolute impossibility, but, rather, the permissible 'circumstances' indicate considerable flexibility."

In *Lewis*, the court held that the regulation creates latitude for reasonable administrative dispatch following an open-ended variety of delays. The interpretations in *Schemanski* and *Lewis* seem consistent with the conclusion that the regulation contemplates the inability of the board to act in the normal course of its business. Board mismanagement,

as in United States v. Born, supra, is something else but there was none of that here.

Bowen was not inducted prior to April 1 because his appeal caused the "inability of the local board to act" in sufficient time. The board did, however, order Bowen to report "as soon as practicable." There being no violation of the Selective Service Regulations, the conviction is affirmed.