UNITED STATES of America, ex rel. Michael Ned SUGG, Petitioner,

v.

COMMANDING OFFICER UNITED STATES ARMED FORCES EXAMING AND ENTRANCE STATION, Respondents.

Civ. No. 1971–557.

United States District Court,
W. D. New York.

Nov. 2, 1973.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y., (William H. Gardner, Buffalo, N. Y., of counsel) for petitioner.

John T. Elfvin, U. S. Atty., W.D.N.Y. (Anne M. Srebro, Buffalo, N. Y., of counsel) for respondents.

CURTIN, District Judge.

The petitioner, inducted into the United States Army on December 9, 1971 applies for a writ of habeas corpus. This court has jurisdiction pursuant to 28 U. S.C. § 2241.

Petitioner was classified 1–A on September 4, 1970 and had been assigned lottery number 162. On January 1, 1971 petitioner was placed in the Extended Priority Selection Group, his lottery number having been reached by his Local Board but petitioner having not been called. See 32 C.F.R. 1631.7(d)(4) (1970). Petitioner's 1–A classification was continued on February 5, 1971 and gratuitously forwarded for review on March 10, 1971. The Appeal Board, across the hall from the Local Board, upheld the February 5, 1971 classification on March 10, 1971. Sugg's file was then routed to State Headquarters in Albany and received back by petitioner's Local Board on March 16, 1971. The first induction order was issued to petitioner on March 23, 1971, instructing him to report for induction on April 16, 1971. Thereafter, a series of postponements were requested and granted. The Local Board on June 11, 1971 of its own initiative cancelled Sugg's induction order. However, on October 8, 1971 petitioner was issued an induction order and was inducted into the Army on December 9, 1971.

The court finds that the March 23, 1971 induction order specifying a reporting date of April 16, 1971 was invalid under the applicable regulations in effect at the time (32 C.F.R. 1631.7(d) (5)); that petitioner was entitled to be transferred to the Second Priority Selection Group as of April 1, 1971, and, thus, subsequent induction orders were also invalid. Therefore, the writ of habeas corpus must issue.

The critical portion of the applicable regulation which was in effect during the time period in question follows:

Members of the Extended Priority Selection Group who have not been issued orders to report for induction and originally scheduled for a date prior to April 1 shall forthwith be assigned to the lower priority selection group to which they would have been assigned had they never been assigned to the Extended Priority Selection Group; except that members of the Extended Priority Selection Group who would have been ordered to report for induction to fill the last call in the first quarter of the calendar year but who could not be issued orders shall remain in the Extended Priority Selection Group and shall be ordered to report for induction as soon as practicable. Circumstances which would prevent such an order shall include but not be limited to those arising from a personal appearance, appeal, preinduction physical examination, reconsideration, judicial proceeding, or inability of the local board to act.

32 C.F.R. § 1631.7(d)(5) (1970)

The quoted regulation specifies that a registrant in the Extended Priority Group who (1) had not been issued orders before April 1, *and* (2) who was not scheduled for a reporting date before April was entitled to be relieved of the extended priority status. Sugg's local board did issue the initial order be-

fore April 1, but it failed to meet the other requirement of subsection (d)(5) because it specified a reporting date after April 1. Therefore, the order was invalid under the regulation unless the exception contained in subsection (d)(5) applied.

The exception referred to allowed the retention of members in the Extended Priority Selection Group who would have been eligible for induction in the first quarter of the calendar year "but who could not be issued orders." 32 C. F.R. § 1631.7(d)(5) (1970).

The regulation sets forth some illustrative examples of circumstances which would prevent the local board from issuing orders and would allow the board to retain a registrant in the Extended Priority Selection Group. None of the named examples applies to petitioner's case.

On March 16, 1971 the Local Board received back petitioner's file which had been reviewed in Albany (a review not required by the regulations). On that day a valid induction order could have been issued to petitioner for a reporting date of March 26, 1971, the last scheduled reporting date for the calendar quarter. A March 16 order for a reporting date of March 26 would have complied with the regulation in effect, which specified a 10-day interval between order and reporting date. (32 C. F.R. § 1632.1). There was no factual inability preventing the Local Board's issuing an order on March 16, the issuance itself being a mere ministerial task. Furthermore, an earlier delay had been occasioned by the Local Board's forwarding of petitioner's file to the Appeal Board on March 10, 1971 for an appeal which petitioner did not request.

In such circumstances the court finds there was no "inability of the local board to act" so as to exempt it from the April 1 deadline. "It was not 'unable' to draft [petitioner] but, rather, was precluded from complying with the regulatory deadline only by its own mismanagement." United States v. Born, 338 F.Supp. 444, 447 (W.D.Mich.1972). This is not a case where discovery of a clerical error necessitated a further pre-induction requirement before orders were issued. Smith v. Tarr, 444 F.2d 251 (2d Cir. 1971) (where registrant's file was marked with an incorrect lottery number and no statement of medical acceptability had previously been issued, the discovery of the clerical error plus prompt processing thereafter of the required medical information was held an inability so as to authorize an April 15 induction); Lawton v. Tarr, 446 F.2d 787 (4th Cir. 1971) (where the local board had at all times acted expeditiously and the required physical examination plus security check caused delay which resulted in an April 5 order for an April 21 induction date the court found an exception to the April 1 requirement); Schemanski v. Tarr, 331 F.Supp. 65 (N. D.Ill.1971) (delay of induction attributable to confusion caused by registrant). The instant case, rather falls under the *Born* rule:

> [T]he § 1631.7(d)(5) April 1 deadline, if it is to be given any meaning, must be read to provide that in such instances of error by the board, at least when undiscovered in time to permit correction before April 1, the burden of the error falls upon the board and not the registrant.

United States v. Born, *supra,* 338 F Supp. at 447. In Sugg's case, viewing the evidence most favorably to the Government, the Local Board could have issued a valid order on March 16, 1971. The failure to issue an order that day was the choice of the board and was not caused by the petitioner.

Consequently, the petition for habeas corpus is granted and petitioner must be discharged forthwith from the United States Army.

So ordered.