

Gibson, Circuit Judge, dissented and filed opinion.

---◆---

Reed Johnston, Jr., Atty., William D. Ruckelshaus, Asst. Atty. Gen., Daniel Bartlett, Jr., U. S. Atty., J. F. Bishop, Atty., Dept of Justice, Washington, D. C., for appellants.

Louis Gilden, St. Louis, Mo., for appellees.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, Chief District Judge.

**Terry T. LIESE et al., Appellees,**

v.

**LOCAL BOARD NO. 102 et al., Appellants.**

No. 20391.

United States Court of Appeals, Eighth Circuit.

March 29, 1971.

McMANUS, Chief District Judge.

Appellees brought this action in the Eastern District of Missouri seeking to have Terry A. Liese's induction into the Armed Services enjoined. Judge Meredith dismissed the action as to all plaintiffs except Terry A. Liese, and ordered his induction order cancelled and his induction enjoined except as may be eligible under the Random Selection Sequence, 314 F.Supp. 521, and the government appealed. We affirm.

Terry Liese was classified III–A by his local board on July 2, 1968, after having been intermittently classified I–A and II–S since February, 1965. The III–A classification resulted from the death of a brother in Vietnam and extended until August 12, 1969, when he was again classified I–A. He was then ordered to report for induction on December 3, 1969.

Prior to his reporting date, Liese was arrested for peace disturbance in Berkeley, Missouri. His trial was set for February 18, 1970, and he was released on bond. When the local board learned of this, he was orally notified by the Executive Secretary that he was not to report on December 3, 1969, and to inform the board when this matter was cleared up. He was given no specific date nor was he mailed SSS Form 264 as required by 32 CFR 1632.2(b).

After being acquitted on February 18, 1970, Liese was mailed a letter dated March 2, by the Executive Secretary ordering him to report for induction on March 30, 1970. This action was begun on March 16, 1970, and Judge Meredith granted relief on April 15, 1970.

On appeal, Appellants urge that review of this action is barred by 50 U.S. C. App. § 460(b) (3) because the board's action was neither "blatantly lawless" nor a "clear departure from its statutory mandate," as the terms were used in Oestereich [1] and Breen.[2] We do not agree.

■ In Zerillo v. Local Board No. 102 et al., 440 F.2d 136 (8th Cir.), we discussed the scope of pre-induction review in cases of this type concluding that, where solely legal questions which are not clearly unmeritorious are presented, the court must examine the merits in some detail to determine the applicability of section 460(b) (3). Here we agree with the District Court that the irregularities in the procedures surrounding Liese's post-

ponement of induction had the effect of cancelling his order to report and returned him to the overall pool, bringing him under the Random Selection Sequence. Accordingly, since his lottery number has not yet been reached, his induction was unlawful.

■ The procedures to be followed in postponing a registrant's induction are set out in 32 CFR section 1632.2 which provides in relevant parts:

(a) In case of death of a member of the registrant's immediate family, extreme emergency involving a member of the registrant's immediate family, serious illness of the registrant, or other extreme emergency beyond the registrant's control, the local board may, after the Order to Report for Induction (SSS Form No. 252) has been issued, postpone the time when such registrant shall so report for a period not to exceed 60 days from the date of such postponement, subject, however, in cases of imperative necessity, to one further postponement for a period not to exceed 60 days; * * *.

(b) The local board shall issue to each registrant whose induction is postponed a Postponement of Induction (SSS Form No. 264), shall mail a copy of such form to the State Director of Selective Service, and shall file a copy in the registrant's Cover Sheet (SSS Form No. 101). The local board shall note the date of the granting of the postponement and the date of its expiration in the "Remarks" column of the Classification Record (SSS Form No. 102).

The board's action was clearly improper under this regulation. Liese was never mailed form 264, and in fact was never given any written notice that he was not to report on December 3. Apparently only one extension was given by the local board and that was for more than the allowable sixty-day period. Finally and most importantly, the postponement

1. Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

2. Breen v. Selective Service System Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed. 653 (1970).

was for an indefinite period of time, or as Appellants' answer to the petition states, the "induction * * * was placed in abeyance." We find no authority in the statute or regulations which contemplates this procedure, and the very least that fairness demands in light of the complexities of modern society is that a registrant under an order to report for induction be given some indication of when he will be required to report. *Cf.* Hamilton v. Commanding Officer, 328 F.2d 799 (9th Cir. 1964); United States v. Hansen, 314 F.Supp. 88 (D.N.H.1970).

Hence, since Liese was neither a delinquent nor under a validly postponed induction order, his order of call is governed by the Random Selection Sequence and he should not have been ordered for induction when he was. In view of our determination of this issue, it is unnecessary to consider the other contentions raised by Appellees.

Affirmed.

GIBSON, Circuit Judge (dissenting).

I would reverse on the basis that § 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C.A. App. § 460(b) (3) precludes pre-induction judicial review. While the postponement did not follow precisely the regulations (being oral instead of written), it is obvious that only a short postponement was contemplated, pending the outcome of the municipal court hearing and that the petitioner has in no way been prejudiced by the postponement. His selection for service and order of call was set in 1969. The postponement did not cancel the Order to Report for Induction under 32 C.F.R. § 1632.2(d), and under 32 C.F.R. § 1632.14 petitioner had a continuing duty to report for induction upon the termination of his postponement.

This case is governed by the same legal principles discussed in Zerillo v. Local Board No. 102 et al., 440 F.2d 136 decided by us this same date, and calls for the same result. The postponement was not a "clear departure" from the statutory mandate; nor was the random selection method of 32 C.F.R. § 1631.7 available until January 1, 1970. Gutknecht v. United States, 396 U.S. 295, 306, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970).