UNITED STATES of America ex rel. Lowell Peter IVERSON, Petitioner-Appellant,

v.

Col. Wayne RHODES et al., Respondents-Appellees.

No. 72–1090.

United States Court of Appeals, Seventh Circuit.

Argued June 15, 1972.

Decided July 11, 1972.

William Rastetter, Richard L. Williams, Ralph S. Adams, Fort Wayne, Ind., for petitioner-appellant.

Stanley B. Miller, Charles Goodloe, Jr., Indianapolis, Ind., for respondents-appellees.

Before FAIRCHILD and SPRECHER, Circuit Judges, and CAMPBELL, District Judge.*

SPRECHER, Circuit Judge.

Petitioner appeals from the dismissal of his petition for a writ of habeas corpus, which challenged an order requiring him to report for civilian work.

Petitioner, who is in class I–O as a conscientious objector, received random selection number 137 in the 1970 lottery system. Because his number was reached in 1970 but he had not received an order to report, he was placed in the extended priority selection group. If he had not received an order to report before April 1, 1971, he would have been placed in the second priority selection group under 32 C.F.R. § 1631.7(d) (5).

On February 17, 1971, however, petitioner's board issued an order to report for civilian work (Form 153) on March 15 at Goodwill Industries in Indianapolis. Upon reporting, petitioner found that Goodwill had no work presently available. Both petitioner and a Goodwill officer wrote to inform the local board of that fact. The board took no action except to tell petitioner that it had forwarded his file to state headquarters. The letter stated that petitioner would be informed when the board decided what step to take in his case.

On July 1, 1971, the 1967 Selective Service Act expired. 50 U.S.C.App. § 467(c) (1968). The draft-extension act did not become law until September 28, 1971. Pub.L.No.92–129.

The local board sent petitioner a second Form 153 on October 13, 1971, ordering him to report to Goodwill on November 15. Petitioner complied with the order but simultaneously filed a petition for writ of habeas corpus in the district court.

Petitioner argues that the February 17 order was canceled. As he was therefore a member of the second priority selection group, he was not subject to call on October 13; petitioner contends the order of that date thus was illegal.

The crucial question is whether the February 17 order remained effective to subject petitioner to a second order to report as late as October 13, 1971.

The only authority by which a local board may postpone the time for reporting under an issued order is 32 C.F.R. § 1632.2.[1] Because section 1632.2 speaks

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. Section 1632.2 provides in part:
   (a) In case of death of a member of the registrant's immediate family, extreme emergency involving a member of the registrant's immediate family, serious illness of the registrant, or other extreme emergency beyond the registrant's control, the local board may, after the Order to Report for Induction (SSS Form 252) has been issued, postpone the time when such registrant shall so report for a period not to exceed 60 days from the date of such postponement, subject, however, in cases of imperative necessity, to one further postponement for a period not to exceed 60 days; and provided also, that . . the Director of Selective Service or any State Director of Selective Service (as to registrants registered within his

State) may, for good cause, at any time after the issuance of an Order to Report for Induction (SSS Form 252), postpone the induction of a registrant until such time as he may deem advisable, and no registrant whose induction has been thus postponed shall be inducted into the armed forces during the period of any postponement.
   (b) The local board shall issue to each registrant whose induction is postponed a Postponement of Induction (SSS Form 264), shall mail a copy of such form to the State Director of Selective Service, and shall fie a copy in the registrant's Cover Sheet (SSS Form 101). The local board shall note the date of the granting of the postponement and the date of its expiration in the "Remarks" column of the Classification Record (SSS Form 102). . . .
   (d) A postponement of induction shall not render invalid the Order to Report for Induction (SSS Form 252) which

in terms of an order to report for induction, we must decide whether a board may also postpone the time for reporting for civilian work, and, if it may, whether it is bound by the limits and procedural requirements of section 1632.2.

We believe both questions are answered by the evident intent of the Selective Service System to treat conscientious objectors the same as other registrants. The regulations are replete with examples of identical rights and responsibilities: Conscientious objectors participate in the lottery system and may not be ordered to report for civilian work before they would have been called to report for induction. They face the same penalties for failure to report as do inductees. Conscientious objectors are to be assigned outside their home communities at wages comparable to those of draftees. In fact, a Local Board Memorandum in effect in 1971 stated that civilian work should constitute a disruption of a conscientious objector's normal way of life comparable to that caused by induction into the army. LBM No. 64. LBM No. 98, also in effect throughout 1971, stated: "Always there must be an effort to see that the path of the conscientious objector in being processed for and performing civilian work parallels as nearly as possible the path of a I–A man in his processing for and performance of military duty."

The reasons courts have given for enforcing strict compliance with section 1632.2 apply as well to conscientious objectors as to inductees. A long postponement of an outstanding order to report puts an unfair burden on a registrant because he is ineligible for a new deferment unless he can prove that his change in status resulted from circumstances beyond his control. United States v. Munsen, 443 F.2d 1229 (9th Cir. 1971). More important, a long or indefinite postponement puts a registrant "in limbo," a condition the lottery

system and recent regulations were designed to alleviate. Liese v. Local Board No. 102, 440 F.2d 645 (8th Cir. 1971); United States v. Stevens, 438 F.2d 628 (9th Cir. 1971). A conscientious objector suffers as much as an inductee from such a postponement because an order to report disrupts their lives in similar ways. If his reporting date is in doubt, a conscientious objector is unable to make plans about his present or future employment or about further schooling. He has no guidance in arranging family or personal affairs. He does not know whether to make financial commitments if he is soon to take a low-paying job. He cannot decide whether or when to arrange to move himself and perhaps a wife and children to a different city.

■ These considerations compel a holding that a local board may postpone the time for reporting for civilian work under section 1632.2. This result imposes an impediment on a conscientious objector, because an order that cannot be complied with is not automatically cancelled. It also bestows a benefit, because the local board has greater flexibility in dealing with him and must also follow the procedural requirements in granting a postponement.

This holding is consistent with several cases in which courts have enforced the requirements of section 1632.2 even though the local board did not purport to act under that regulation or the delay was not occasioned by the kind of "extreme emergency" mentioned in the regulation. Liese v. Local Board No. 102, 440 F.2d 645 (8th Cir. 1971); United States v. Stevens, 438 F.2d 628 (9th Cir. 1971); United States v. Abernathy, 334 F.Supp. 1201 (D.Colo.1971); United States v. Campbell, 5 SSLR 3074 (N.D. Ill. Nov. 24, 1971). See also LBM No. 44, which is headed "SSS Reg. 1632.2" but concerns postponements for students to take state qualifying examinations.[2]

has been issued to the registrant but shall operate only to postpone the reporting date and the registrant shall report on the new date without having

issued to him a new Order to Report for Induction (SSS Form 252).

2. *But cf.* United States v. Evans, 425 F.2d 302 (9th Cir. 1970), cert. denied, 402

■ Petitioner's local board failed to comply with section 1632.2 in several ways; each violation is sufficient to cancel the February 17 order. First, the delay between the reporting dates exceeded 120 days, the limit on postponements under section 1632.2(a). United States v. Stevens, 438 F.2d 628 (9th Cir. 1971). Second, section 1632.-2(b) requires the local board to mail the registrant a notice of postponement (Form 264). Liese v. Local Board No. 102, 440 F.2d 645 (8th Cir. 1971). Here the board never gave petitioner any sort of indication that the order was postponed. Finally, under section 1632.2(b) the date of expiration of the postponement must be noted in the registrant's record. Liese v. Local Board No. 102, *supra*; United States v. Johnson, 314 F.Supp. 88 (D.N.H.1970). Petitioner's record contains no such notation.

The record suggests that the local board believed the February 17 order had been cancelled, since it mailed petitioner a new Form 153, rather than the usual letter under section 1632.2(d).

■ Since the February 17 order was cancelled by the procedural irregularities in the postponement, petitioner is in the same position as if no order had ever been issued. Davis v. United States, 410 F.2d 89 (8th Cir. 1969).

■ As a member of the extended priority selection group not ordered to report before April 1, petitioner next contends that he comes under the general rule of 32 C.F.R. § 1631.7(d) (5),[3] not under its exception. If he comes under the general rule, he was placed in the second priority selection group and could not be called on October 13. If, however, he "could not be issued orders" before April 1 because of "inability of the local board to act," he remained in the extended priority selection group and could be ordered to report "as soon as practicable."

There have been only a few cases interpreting section 1631.7(d) (5). The present case most resembles the factual situation in United States v. Born, 338 F.Supp. 444 (W.D.Mich. 1972). There the board issued an order to report on

U.S. 987, 91 S.Ct. 1649, 29 L.Ed.2d 153 (1971), which states without citation of authority that section 1632.2 does not apply to all postponements; however, the postponement there was for less than 120 days. *See also* United States ex rel. Luster v. McBee, 422 F.2d 562 (7th Cir.), cert. denied, Luster v. Cooksey, 400 U.S. 854, 91 S.Ct. 74, 27 L.Ed.2d 92 (1970). *Luster* is distinguishable because there petitioner was informed that his induction was delayed under an army regulation to determine whether he was medically acceptable. The delay of induction was less than 120 days; nothing occurred in the meantime to change petitioner's status. Finally, petitioner did not even contend that the original order was cancelled or in any way invalidated.

The Selective Service regulations might be interpreted to allow local boards to postpone reporting dates for reasons not arising from the registrant's circumstances and needs under an implied grant of power rather than under section 1632.2. Even if that view were accepted, however, we think that the manner and extent of such postponement would be subject to limitations of reasonableness. We would not hesitate to say that the board's action on learning of the lack of available

work on the original reporting date was too vague and indefinite and resulted in too long a delay to be treated as a valid postponement.

3. Section 1631.7(d) (5) provides:
   Members of the Extended Priority Selection Group who have not been issued orders to report for induction and originally scheduled for a date prior to April 1 shall forthwith be assigned to the lower priority selection group to which they would have been assigned had they never been assigned to the Extended Priority Selection Group; except that members of the Extended Priority Selection Group who would have been ordered to report for induction to fill the last call in the first quarter of the calendar year but who could not be issued orders shall remain in the Extended Priority Selection Group and shall be ordered to report for induction as soon as practicable. Circumstances which would prevent such an order shall include but not be limited to those arising from a personal appearance, appeal, preinduction physical examination, reconsideration, judicial proceedings, or inability of the local board to act.

January 20, 1971, which was invalidated because the board had not afforded Born his procedural rights in connection with a preinduction conscientious-objector claim. The court found the board had no authority to issue a second order on June 4, stating (338 F.Supp. at 447):

> Here, substantial delay beyond the regulation deadline was prompted not by the registrant's conduct nor by regular processing requirements imposed by regulation, but by concededly irregular, unjustifiable and lawless conduct on the part of the local board.

The court in *Born* satisfactorily established the dissimilarity of several other cases under section 1631.7(d) (5) to its own case and, by analogy, to the present case.[4] Even by the standards set forth in one of the cases placing a registrant in the extended category, Lawton v. Tarr, 446 F.2d 787 (4th Cir. 1971), induction after April 1 should not be allowed here. The Fourth Circuit in *Lawton* said the local board must (a) "have proceeded with reasonable dispatch to comply with regulations governing the selection, examination, and induction of registrants," and (b) have inducted the registrant as soon as practicable. 446 F.2d at 789.

If petitioner's local board had not violated the requirements of section 1632.2, it could have extended the validity of the February 17 order for a period sufficient to find civilian work for petitioner. The board was informed that Goodwill would have work available by the end of April. There is no indication in the record that the board or the state headquarters tried but was unable to find civilian work before the draft act expired July 1. The board neither complied with regulations nor attempted to assign petitioner to civilian work as soon as practicable.

We conclude that the board was without authority to issue the October 13 order to report. The case is reversed and remanded with instructions to grant the petition for writ of habeas corpus.

---

4. Those cases are Lawton v. Tarr, 446 F.2d 787 (4th Cir. 1971); Smith v. Tarr, 444 F.2d 251 (2d Cir. 1971); Schemanski v. Tarr, 331 F.Supp. 65 (N. D.Ill.1971). *See also* United States v. Lewis, 5 SSLR 3134 (D.Ore. Jan. 21, 1972).