**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Lee BELL, Defendant-Appellant.**

**No. 71–1606.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 18, 1972.

Decided Feb. 27, 1973.

Rehearing Denied May 7, 1973.

George C. Pontikes, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., William T. Huyck, and Theodore T. Scudder, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before KILEY and SPRECHER, Circuit Judges, and GRANT, Senior District Judge.[*]

GRANT, Senior District Judge.

The defendant, Robert Lee Bell, appeals his conviction by the district court, sitting without a jury, for failure to submit to induction into the armed forces in violation of 50 U.S.C. App. § 462. We affirm.

On 24 April 1969 defendant was ordered to report for induction on 12 May 1969. Defendant requested a postponement of the induction in order to finish a school semester. A postponement was granted by the State Director of Illinois until the first induction call after 31 May 1969. On 20 May 1969 his local Board issued a rescheduling letter ordering defendant to report for induction on 2 June 1969. Defendant failed to report. No further postponements of the order were issued by either the local Board or the State Director.

On 5 June 1969 the local Board mailed a "Delinquent Registrant Report" to the United States Attorney, the report noting the defendant's failure to report and explaining that the prior postponement had been given only until the first induction call in June which happened to fall on June 2nd. Defendant was later interviewed by an FBI agent who was told by defendant that he would contact his local Board and report for induction "if given another chance". The agent reported defendant's statement to the local Board. Two days later, on 29 September 1969, the local Board received a letter from the defendant which stated as follows:

> "Having had a great deal of time to think this summer, I would like to declare myself to be a conscientious objector. I hereby request that forms SSS–150 and SSS–151 be sent to me. Thank you."

The local Board requested instructions from the State Director and was advised to issue a second SSS Form 150, "Special Form for Conscientious Objectors," and to consider it. The form was sent to the defendant who returned the completed form on 31 October 1969. On 7 November 1969 the local Board reviewed the form and defendant's file but decid-

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

ed not to reopen his classification, there being no change in defendant's status resulting from circumstances over which he had no control. See 32 C.F.R. § 1625.2 (1971). Both the defendant and the United States Attorney were notified of the Board's action.

On 18 November 1969 the United States Attorney wrote the local Board stating as follows:

"It is suggested that the above-captioned registrant be reordered for immediate induction. This is to keep the record in good prosecutive order, if he fails to so appear, since his previous order to report was in effect cancelled because of his subsequent C. O. claim."

On 19 November 1969 the local Board mailed a new rescheduling letter which ordered the defendant to report for induction on 1 December 1969 at which time the defendant again failed to report.

Defendant first notes that Selective Service regulations provide that (1) a local Board may postpone an order to report for induction but only for a maximum of 120 days and (2) the local Board must mail a copy of the postponement to the registrant.[1] Defendant then argues that the failure of his local Board to further postpone the order of induction beyond 2 June 1969 rendered the original order and *a fortiori,* the rescheduling letter of 18 November 1969 null and void, citing Liese v. Local Board No. 102, 440 F.2d 645 (8th Cir. 1971). In particular, defendant notes that the original reporting date was 12

May 1969 and that the postponement regulation would only authorize a maximum postponement to 9 September 1969. Thus, when defendant filed his SSS From 150 on 31 October 1969, the original order was no longer in effect. Defendant concludes that his request for conscientious objector status

". . . should have been treated as a pre-induction claim, requiring reopening with the right to a personal appearance and an appeal. United States v. Freeman, 388 F.2d 246 (7th Cir. 1967), Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed. 2d 362 (1970). Instead, local board 214 treated the claim as a post-induction claim refusing to reopen the classification. (A. 12). Without the reopening and the right to a personal appearance or appeal, no valid induction order could be issued against the defendant, including the order issued on November 19, 1969."

The government contends that once the defendant refused to comply with his induction order, he was no longer entitled to any postponement. It correctly notes that not every delayed induction order constitutes a "postponement" of the type regulated by 32 C.F. R. § 1632.2(a)(c). That regulation

". . . refers to a postponement due to specified circumstances such as death or 'other extreme emergency beyond registrant's control.' This type of 'formal postponement' ordinarily would result from a request initiated by the registrant himself." United

---

1. The pertinent sections of 32 C.F.R. § 1632.2 (1971) are as follows:

(a) In case of death of a member of the registrant's immediate family, extreme emergency involving a member of the registrant's immediate family, serious illness of the registrant, or other extreme emergency beyond the registrant's control, the local Board may, after the Order to Report for Induction (SSS Form No. 252) has been issued, postpone the time when such registrant shall so report for a period not to exceed 60 days from the date of such postponement, subject, however, in cases of imperative necessity, to one fur-

ther postponement for a period not to exceed 60 days. . . .

(b) The local Board shall issue to each registrant whose induction is postponed a Postponement of Induction (SSS Form No. 264), shall mail a copy of such form to the State Director of Selective Service, and shall file a copy in the registrant's Cover Sheet (SSS Form No. 101). The local Board shall note the date of the granting of the postponement and the date of its expiration in the "Remarks" column of the Classification Record (SSS Form No. 102).

States ex rel. Luster v. McBee, 422 F. 2d 562, 570 (7th Cir. 1970), cert. denied 400 U.S. 854, 91 S.Ct. 74, 27 L. Ed.2d 92, reh. denied 400 U.S. 931, 91 S.Ct. 190, 27 L.Ed.2d 192 (1970). The delay occurring in the instant case was not the result of the "circumstances" contemplated by 32 C.F.R. § 1632.2 nor was there a request by the defendant for a postponement pursuant to the regulation. To the contrary, any delay which occurred was occasioned by defendant's failure to report as ordered and his subsequent conscientious objector claim. Thus the delay in induction was for defendant's own benefit. See United States v. Foster, 439 F.2d 29, 31 (9th Cir. 1971). As such the delay could not possibly have prejudiced the defendant. *Luster, supra,* 422 F.2d at 570; United States v. Watson, 442 F.2d 1273, 1278 (8th Cir. 1971), cert. denied 404 U.S. 848, 92 S.Ct. 152, 30 L.Ed.2d 85.

■ Furthermore, and more importantly, it is well established that the one-hundred-twenty (120) day limitation on postponements under Section 1632.2 does not apply to a registrant who has failed to appear for and submit to induction. United States v. Brunner, 457 F. 2d 1301, 1302 (9th Cir. 1972); United States v. White, 447 F.2d 1124, 1126 (9th Cir. 1971), cert. denied 404 U.S. 1049, 92 S.Ct. 714, 30 L.Ed.2d 740 (1972). We believe this rule to be particularly applicable where, as in the case at bar, the delay in the induction was caused by the registrant and for his own benefit.

■ It should also be noted that despite defendant's self-created postponement or delay in his induction, he was under a continuing duty to report for induction. *Luster, supra,* 422 F.2d at 570. 32 C.F.R. § 1632.14(a) (1969) provides in pertinent part that

"[I]f the time when the registrant is ordered to report for induction is postponed, it shall be the continuing duty of the registrant to report for induction upon the termination of

such postponement and he shall report for induction at such time and place as may be fixed by the local board. *Regardless of the time when or the circumstances under which a registrant fails to report for induction when it is his duty to do so,* it shall thereafter be his continuing duty from day to day to report for induction to his local board. . . ." (our emphasis).

■ The *Liese* case relied upon by defendant is factually distinguishable. *Liese* involved a registrant whose order to report for induction was issued prior to the effective date of the Random Selection Sequence, *i. e.,* the draft lottery. After receiving his notice of induction but prior to his reporting date, the registrant was arrested for a peace disturbance and released on bond. His trial was set for a date subsequent to the date he was to have reported for induction. Upon learning of the situation, the local Board attempted to orally postpone the registrant's induction without sending the registrant a postponement notice as required by 32 C.F.R. § 1632.-2(b).

The Court held that the postponement irregularities

". . . had the effect of cancelling his order to report and returned him to the overall pool, bringing him under the Random Selection Sequence. Accordingly, since his lottery number has not yet been reached, his induction was unlawful." *Liese, supra,* 440 F.2d at 646.

However, the Court noted that *"Liese was neither a delinquent nor under a validly postponed induction order. . . ." Id.* at 647. (Our emphasis.) We find the non-delinquent status of the registrant in *Liese* to be a critical distinction from the instant case. To the extent that *Liese* might be interpreted as holding that all postponements or delays in induction are controlled by the requirements of 32 C.F.R. § 1632.2, we refuse to follow it. See *Luster, supra,* 422 F.2d at 570; see also Swift v.

Director of Selective Service, 145 U.S. App.D.C. 224, 448 F.2d 1147, 1151, n. 16 (D.C.Cir.1971).

At oral argument defendant's counsel contended that *Luster* is limited by United States ex rel. Iverson v. Rhodes, 465 F.2d 402 (7th Cir. 1972), and that the latter case controls the instant case. We disagree. The registrant in *Iverson* had been classified as a conscientious objector and had reported for civilian work on March 15 at Goodwill Industries in Indianapolis as ordered by the local Board. Goodwill had no work available so both Iverson and a Goodwill officer wrote the local Board and informed it of this fact. The local Board took no action other than writing Iverson and informing him that his file had been forwarded to state headquarters and that he would be notified when the Board decided what step to take in his case. On 13 October 1971, almost eight months later, the local Board ordered Iverson to again report to Goodwill.

This Court held that the local Board should have complied with the requirements of Section 1632.2 and issued a formal postponement notice. In so doing, the Court noted that other courts had enforced the requirements of Section 1632.2 "even though the local board did not purport to act under that regulation or the delay was not occasioned by the kind of 'extreme emergency' mentioned in the regulation." *Id.* at 404. The Court recognized that *Luster* was to the contrary but noted that it was distinguishable:

> "*Luster* is distinguishable because there petitioner was informed that his induction was delayed under an army regulation to determine whether he was medically acceptable. The delay of induction was less than 120 days; nothing occurred in the meantime to change petitioner's status. Finally, petitioner did not even contend that the original order was cancelled or in any way invalidated." *Id.* at 405, n. 2.

The case before us is even more readily distinguishable since the delay in the induction, as stated previously, was caused by defendant's failure to report and his belated conscientious objector claim. No postponement was sought by the local Board nor was there any suggestion that it should have done so. The fault lies entirely with the defendant. To ignore his failure to report, would be to permit defendant to profit by his own wrongs. This we cannot allow.

 Finally, we find little merit in defendant's suggestion that the government should be bound by the opinion of the United States Attorney, expressed in his letter of November 18, 1969, to the local Board, that defendant's belated conscientious objector claim may have cancelled his prior induction order. Suffice to say that the opinion was incorrect. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); *White, supra,* 447 F.2d at 1125.

The judgment of the district court is affirmed.