**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Leslie ABRAMS, Defendant-
Appellant.**

**No. 72–1370.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1973.

Decided March 27, 1973.

Rehearing Denied May 31, 1973.

George C. Pontikes, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., William T. Huyck, Terry M. Gordon, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, KILEY and STEVENS, Circuit Judges.

DUFFY, Senior Circuit Judge.

A grand jury indictment was returned in April 1971 charging defendant Abrams with a one count violation of 50 U.S.C. App. § 462, that on or about April 8, 1970 and continuing to and including the date of the indictment, Abrams wilfully and knowingly neglected, failed and refused to report for induction as ordered. A jury was waived. The trial judge found defendant Abrams guilty as charged and he was sentenced to the custody of the Attorney General for a term of three years.

The evidence adduced at trial revealed that defendant was ordered to report for induction on three separate occasions by Local Board No. 151, Waukegan, Illinois. On November 18, 1969, Abrams was ordered to report for induction on December 1, 1969. On December 1, 1969, defendant's induction was postponed "until further notice" pursuant to 32 C.F.R. § 1632.2.

The reason for the postponement of induction was to allow completion of a medical review of the defendant at his request which was then being conducted by the Surgeon General. A postponement order dated December 16, 1969 was issued by the local board *nunc pro tunc* so as to be effective from the date of postponement, December 1, 1969.

A second order for induction dated January 27, 1970 was mailed to defendant ordering him to report on February 16, 1970. Reference to his prior order was included in the new order. Abrams failed to report as ordered, but telephoned the local board on the afternoon of February 16th informing them that he failed to appear for induction because at the time he was being treated in the Intensive Care Unit of the Highland Park Hospital for an overdose of drugs. The local board requested that he tender an explanatory letter to them which request he fulfilled on February 18th. The local board also received a substantiating

letter from one Dr. Rosenberg stating that defendant had been treated for an overdose of sleeping pills on the 16th of February.

A third order for induction dated March 18, 1970 was mailed to the defendant at 1055 County Line Road, Highland Park, Illinois, which was the last address the defendant supplied to his local board. This order made reference to the previous induction date of February 16, 1970 and instructed the defendant to report on April 8, 1970. Defendant Abrams failed to report as ordered.

The F.B.I. entered the case to determine why defendant had not reported as requested. In July 1970 the Bureau wrote to defendant's father indicating that defendant was delinquent with his local board. On August 18, 1970, Agent Kneibert visited the Abrams' home and was informed that defendant was located in Ann Arbor, Michigan but was expected to return within a month. Agent Kneibert instructed the parents to have defendant call the F.B.I. on his return.

Defendant returned home on September 7, 1970 but failed to contact the F.B.I. Agent Kneibert then visited defendant at his home on September 17, 1970 and informed him of the outstanding order to report. Defendant admitted he received the two previous orders but denied receipt or knowledge of the order of April 8, 1970. At this interview, Agent Kneibert asked defendant what his action would be if future induction notices were sent to him. Defendant indicated that he would require the assistance of counsel before he could reply to such a question.

Abrams was arrested on October 7, 1970 by the F.B.I. and the indictment was returned in April 1971. From the record, it is evident that at no time after February 1970 did defendant attempt to contact his local board.

## I.

The principal defense propounded by the defendant at trial and in issue on appeal was that he was not in receipt of the order of induction mailed on March 18, 1970. The trial court made a finding contrary to this contention to the effect that given the fact that the third notice was mailed to the last address supplied by the defendant to his local board, and that such letter was not returned to the board, the presumption of regularity of board procedures and mailing attested to the receipt of the notice of induction by defendant Abrams. On appeal, despite the finding to the contrary by the trial court, defendant argues that he presented sufficient evidence at trial to rebut the presumption of receipt, thereby rendering the trial court's finding erroneous.

Defendant produced evidence that from Saturday March 21, 1970 at midnight until Monday, March 24, 1970, at midnight, there was a work stoppage at the Highland Park Illinois Post Office and after delivery of mail was resumed, four days were required to distribute accumulated mail.

There was also testimony of a two-day work stoppage at Waukegan in which city the office of defendant's draft board was located. However, the officer in charge at the Waukegan Post Office testified that there was no accumulation of out-going mail during the work stoppage. The officer also testified that a letter mailed in the vicinity of the defendant's local board before 5:00 p. m. on March 19, 1970 would not have been delayed as a result of the work stoppage.

Defendant's father and mother both testified to the effect that no communication had been received from the draft board concerning their son's selective service status between February 1970 and July 1970 when they were contacted by the F.B.I.

The government offered as evidence the testimony of Theolene Dixon, secretary to the Local Board Operations in Chicago who stated at trial that the third induction notice had been mailed to defendant on March 18, 1970 to his last known address.

■ Although defendant Abrams insists that he never received the induction order dated March 18, 1970, nevertheless we must accept the findings of the trial court to the contrary unless they are clearly erroneous. United States v. Keefer, 464 F.2d 1385 (7 Cir., 1972); United States v. Ganter, 436 F.2d 364, 368 (7 Cir., 1970).

We are of the opinion after considering the evidence preserved in the record of the proceedings below and the presumption of receipt of Selective Service mailings provided in 32 C.F.R. § 1641.3 relied upon by the trial court, that the evidence was sufficient for said court to conclude that defendant received the order.

■ Furthermore, regardless of defendant's claim of nonreceipt of the letter order, further notice of the order was provided to Abrams in person by Agent Kneibert on September 17, 1970. Such notification by itself coupled with defendant's subsequent inaction would be sufficient evidence to sustain a conviction for failure to report for induction. United States v. Williams, 433 F.2d 1305 (9 Cir., 1970).

### II.

A second argument raised by defendant on appeal is whether the offense of failure to report for induction imposes a continuing duty to report after non-compliance with an outstanding induction order. Defendant argues that the statutory mandate of 50 U.S.C. App. § 454(a) is insufficient to impose a continuing duty to report. Abrams relies on Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970) in support of his position and analogizes the continuing duty to register considered in that case to the continuing duty to report in issue before us.

The government argues that the law which upholds the continuing offense theory for refusing induction is not affected by the Toussie decision because of the fundamental distinction between the statutes and policies involved in the

Toussie case and in the case at bar. We agree. In Toussie, the narrow issue before the Supreme Court was whether for the purpose of tolling the statute of limitations, the obligations of refusing to register for the draft is a continuing one, so that an indictment returned 8 years after defendant Toussie's 18th birthday would not be barred.

In Toussie, a decision in favor of the government would have had the effect of permitting an indictment to be brought against a person who had failed to register any time from his 18th birthday to his 31st birthday. The court held that such a result should not be reached " . . . unless the statute itself, apart from the regulation, justifies that conclusion". 397 U.S. at page 121, 90 S.Ct. at page 863.

We hold contrary to the contention of the defendant that Toussie applies to the case at bar. As our court stated in United States v. Bruckman, 466 F.2d 754 (7 Cir., 1972) at page 757, in a similar challenge to the continuing duty to report,

"In the case before us, however, there is no statute of limitations problem. We are not presented with the 'compounding of a single offense into a multitude for purposes of avoiding the statute of limitations.' Williams, supra, 433 F.2d at 1306. Furthermore, the Court in Toussie did not, as Bruckman contends, invalidate the continuing duty regulation.

As the Court in Owens stated, 431 F.2d at 351:

The Court did not . . . outlaw the continuing duty regulation; rather, it explicitly excepted it from the sweep of the opinion.

The exception referred to was footnote 17 in Toussie:

We do not hold, that as the dissent seems to imply . . . that the continuing duty regulation is unauthorized by the Act. All we hold is that neither the regulation nor the Act itself requires that failure to register be treated as the type of

offense that effectively extends the statute of limitations. 397 U.S. at 121, n. 17, 90 S.Ct. at 864."

We are of the opinion that a registrant who fails to report for induction as ordered is under a continuing duty thereafter to report, thereby precluding defendant's challenge to the continuing duty to report herein. United States v. Bruckman, *supra;* Silverman v. United States, 220 F.2d 36 (8 Cir., 1955); United States v. Williams, *supra;* United States v. Preston, 420 F.2d 60 (5 Cir., 1969); Simmons v. United States, 406 F.2d 456 (5 Cir., 1969); White v. United States, 403 F.2d 1005 (8 Cir., 1968).

### III.

A third issue raised by defendant on appeal concerns the quantum of proof necessary to establish the criminal intent for an offense under the applicable statute. Defendant asserts that the government failed to prove that he wilfully and knowingly failed to report for induction beyond a reasonable doubt.

As we have previously determined in this case, the trial court properly held that Abrams was in receipt of his March 18th induction order. Furthermore, it is established from the record that he failed to report or contact his board after actual notice of induction was received from Agent Kneibert. The last time defendant did, in fact, contact his draft board before his indictment was on February 20, 1970 concerning his second postponement of induction.

Given the facts and circumstances of this case, we are of the opinion that the evidence adduced by the government was adequate to support a finding by the trial court with respect to defendant's knowing and wilful failure to

report. Defendant's claim that his failure to report was "inadvertent" relying on United States v. Rabb, 394 F.2d 230 (3 Cir., 1968) is negated by the fact that even after actual notice was provided, he failed to report. We hold that viewing the evidence in a light most favorable to the government, the trial court properly found the evidence sufficient to prove defendant's criminal intent, that he knowingly and willingly failed to report for induction. United States v. Ebey, 424 F.2d 376 (10 Cir., 1970). See also United States v. Williams, 421 F.2d 600 (10 Cir., 1970).

### IV.

The last argument advanced by defendant on appeal is that the last two induction orders mailed January 27, 1970 and March 18, 1970, respectively, were invalidated by the failure of the local board to comply with the Selective Service Regulations applicable to postponement of induction. Defendant contends that the postponement of December 16, 1969 of his initial December 1, 1969 induction date, *nunc pro tunc*, extended over 60 days until his second induction date of February 16, 1970 and hence violated 32 C.F.R. § 1632.2(a). Abrams additionally argues that the postponement regulation (§ 1632.2) was also violated because more than 120 days, the maximum allowable postponement, elapsed between December 1, 1969 and April 8, 1970.

With respect to defendant's first claim that more than 60 days had run between his first induction date and the corresponding postponement and his second date of induction, it is settled that only delays attributable to administrative inertia or undue delay in processing on the part of the draft board may warrant invalidation of an induction order.[1]

---

1. While the government asserts the time interval between the date of postponement and the second date of induction was exactly 60 days (December 16, 1969–February 16, 1970) we note that the postponement was issued *nunc pro tunc* which reverts said order to the December 1, 1969 date. Therefore, the statutory period commenced on December 1, 1969 and if such a postponement were not for the benefit of the defendant, a procedural violation possibly could be asserted.

Where delays occur at the request or for the benefit of a registrant or inductee, such delays may not be challenged except for the exceptional case where the delay causes undue prejudice to a registrant. Here, it is quite evidence that the initial postponement was for the benefit of the registrant and was instigated by him to process late-filed medical claims. Thus the delay was for his own benefit and may not be raised on appeal as a claim of procedural error, necessitating a cancellation of an induction order. United States v. Foster, 439 F.2d 29, 31 (9 Cir., 1971); United States v. Bell, 476 F.2d 1046 (7 Cir., 1973).

 Furthermore, upon considering defendant's related claim that a postponement of 120 days elapsed between his initial induction and the third date of induction, it is well established that the 120 day limitation does not apply to a registrant who has failed to appear for and submit to induction. United States v. Bell, *supra;* United States v. Brunner, 457 F.2d 1301 (9 Cir., 1972); United States v. White, 447 F.2d 1124 (9 Cir., 1971), cert. denied 404 U.S. 1049, 92 S.Ct. 714, 30 L.Ed.2d 740 (1972). Here there was no need for a further postponement nor does defendant have access to a claim of an excessive period of postponement when in fact he failed to appear for the scheduled induction on February 16, 1970. United States v. White, *supra.*

Defendant's reliance on United States ex rel. Iverson v. Rhodes, 465 F.2d 402 (7 Cir., 1972) is misplaced. The facts in that case depicting inexcusable administrative inertia are easily distinguishable from the case at bar where any delay in the induction process was a consequence of the defendant's own design.

For the reasons hereinbefore discussed, the judgment of conviction of the District Court is

Affirmed.