818 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel A. RUTT, Defendant-Appellant.
 No. 86-1591.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1987.
 
 Before LIVELY, Chief Judge; and ENGEL and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Daniel A. Rutt appeals his conviction in the United States District Court for the Eastern District of Michigan for failure to register for the draft as required under the Military Selective Service Act, 50 U.S.C. App. Sec. 453.
 
 
 2
 Rutt argues that Chief Judge Philip Pratt of the district court should have dismissed the indictment for the following reasons, which he presented below and repeats on appeal. First, he argues that Presidential Proclamation 4771 of July 2, 1980, which required registration to begin on July 21, 1980, is invalid because it did not comply with the thirty-day notice and comment requirement of 50 U.S.C. App. Sec. 463(b). The district court rejected this argument because section 463(b) applies to regulations, not proclamations.
 
 
 3
 Second, Rutt argues that 32 C.F.R. Sec. 1615, which implements the Presidential Proclamation, is invalid because it became effective after thirty-two days' notice, whereas a 1978 Selective Service Report stated that future regulations would be subject to a sixty-day comment period. The district court rejected the argument on the ground that the sixty-day provision was a voluntary requirement self-imposed by the Selective Service and that a private individual cannot enforce it.
 
 
 4
 Third, Rutt argues that the indictment alleges a continuing offense, failure to register between August 3, 1980 and October 29, 1982, whereas the offense of failure to register is complete at the end of the period of registration, which for Rutt was on August 2, 1980. The district court held that although 50 U.S.C. App. Sec. 462(d) does not explicitly state that registration is a continuing duty, the statutory intent to impose a continuing duty is clear. Thus, under the statute a person is required to register not only during his particular registration period, but if he fails to register during that period he is under a continuing duty to correct that failure until the age of twenty-six.
 
 
 5
 Finally, Rutt argues that the draft registration program violates the right to the free exercise of religion because it does not provide a system for classifying conscientious objectors. The district court rejected this argument on the ground that conscientious objector status is available only to those who have already registered for the draft.
 
 
 6
 Since the perfection of this appeal, our court has issued and published United States v. Schmucker, No. 86-3742 (April 3, 1987). In a carefully considered and unanimous decision authored by Judge Milburn, our court addressed the first two issues raised by Rutt on appeal as above described and in the manner consistent with the disposition and decision Chief Judge Pratt in this case. Schmucker is therefore dispositive and stare decisis on those issues and we have no occasion to disagree with or to comment further upon those issues.
 
 
 7
 With respect to Rutt's third argument that the indictment is defective in alleging a continuing offense through failure to register between August 3, 1980 and October 29, 1982, contrary to the holding of Toussie v. United States, 397 U.S. 112 (1970), we can only agree with Judge Pratt that the congressional amendment of the Military Selective Service Act, 50 U.S.C. App. Sec. 462(d) was intended to and did indeed effectively cure that perceived deficiency by the addition of explicit language intended toward that end.
 
 Judge Pratt observed:
 
 8
 Section 462(d) by its terms compels the conclusion that a continuing offense was intended. It states that a person who fails 'to perform the duty to register imposed' by Sec. 453 must be indicted within five years after he registers or within five years of reaching the age of 26 if he does not register. In this Court's view, the only logical interpretation of that section is to require registration not only during the prescribed period but also until the person attains the age of 26. Had Congress intended otherwise it could very simply have provided that a person who failed to register could be only indicted if the indictment was found within 13 years of the prescribed period. The statutory language that was utilized is more than adequate to satisfy the Supreme Court's required, and suggested, resolution of the issue.
 
 
 9
 Finding as this Court has that the language of 462(d) is clear and unequivocal, it is not necessary to discuss the issue of legislative history. If there is any doubt as to the intent of Congress, however, that history convincingly supports the conclusion that Congress intended to make the duty of registration a continuing one. Hearings on Extension of the Draft and Other Bills, before the House Committee on Armed Services, 9 2d Cong., 1st Sess. 165 (1971); Hearings on Selective Service and Military Compensation, before the Senate Committee on Armed Services, 9 2d Cong., 1st Sess. 74 (1971); H.R. Rept. No. 92-82, 9 2nd Cong., 1st Sess. 17 (1971).
 
 
 10
 Mem Op. & Order, July 5, 1983, pp. 3-4 (footnote omitted).
 
 
 11
 We therefore join the Seventh, Third, and Eighth Circuits in holding that there is such a continuing duty. United States v. Abrams, 476 F.2d 1067 (7th Cir. 1973); United States v. Robinson, 485 F.2d 1157 (3d Cir. 1973); United States v. Eklund, 733 F.2d 1287 (8th Cir. 1984) (en banc). We also cannot refrain from observing that even were we not to so hold, the defendant here is not benefited inasmuch as the statute in any event covers he initial registration. And the defendant is charged in the indictment with having failed to register during that period.
 
 
 12
 Finally, we reject Rutt's argument that the draft registration program violates his right to the free exercise of religion because it failed to provide a system for classifying conscientious objectors. We once again find ourselves in agreement with Judge Pratt that the legislative scheme here cannot be struck down as an undue and unjustified burden on the appellant's right to the free exercise of his religion merely by not affording him an immediate opportunity to gain an established conscientious objector status. The power of Congress to provide for a scheme of military service cannot be seriously questioned. Its right to institute conscription quickly should it prove necessary, and to implement registration as a crucial component of the conscription process, has been thoroughly established as justified by a compelling interest under Wayte v. United States, 470 U.S. 598, 612 (1985), and Rostker v. Goldberg, 453 U.S. 57 (1981). We agree with the government that under the statutory scheme established by the Congress it is the induction and not registration which triggers the entire panoply of hearing rights which is commonly associated with one's legislatively conferred right to apply for classification as a conscientious objector. The defendant is not presently subject to induction. The defendant acknowledged at oral argument that there is no First Amendment right to an exemption from service in the armed forces and it must perforce follow that while Congress in its wisdom may and does as a matter of legislative grace seek to accommodate those whose religious beliefs oppose their bearing arms, we are totally unable to conclude that the simple requirement of registration alone without induction or further processing imposes any significant burden upon the defendant's right to practice his religion freely and without restraint.
 
 
 13
 Accordingly, the judgment of the district court is AFFIRMED.